ANSON HOBSON v. GEORGE H. KELLY, PRINCIPAL DEFENDANT, AND CLARENCE M. HILL AND JAMES E. VINCENT, GARNISHEE DEFENDANTS.

*Garnishment—Trial of issue—Amount due.*

1. A disclosure admitting an indebtedness to the principal defendant of $1,717.28, unless the garnishees had become liable to other parties upon certain orders drawn upon them by the

principal defendant, aggregating $2,800, is sufficient to enable the plaintiff to demand a trial of the statutory issue thus framed, under How. Stat. § 8068.

2. The question in this case is whether the indebtedness referred to in the disclosure was due at the time of the trial; and it is held that under the evidence a verdict was properly directed against the garnishee defendants.

Error to Saginaw. (Gage, J.) Argued June 12 and 17, 1891. Decided July 28, 1891.

Garnishment proceedings. Garnishee defendants bring error. Affirmed. The facts are stated in the opinion.

*Tarsney & Weadock,* for appellants.

*John M. Brooks,* for plaintiff.

GRANT, J. Plaintiff recovered judgment against Kelly for $1,217.40. Upon bringing suit against the principal defendant, plaintiff instituted garnishee proceedings against Hill and Vincent. The circuit judge directed a verdict against the garnishee defendants, who appealed.

The defendants filed a disclosure, stating that at the time said writ was served upon them they were indebted to Kelly in the sum of $1,717.28, unless they had become liable to other parties upon certain orders which Kelly had given upon them, aggregating about $2,800. Defendants had not accepted these orders, and it is conceded that they were not liable upon them. Plaintiff demanded a trial under How. Stat. § 8068. Upon the trial defendants' counsel objected to the disclosure, for the reason that it did not show an indebtedness due at the time it was made, and insisted that it was the duty of the plaintiff to file special interrogatories to elicit more precise infor-

mation, under sections 8060 and 8061.[1] We cannot concur in this position of the learned counsel. The disclosure was sufficient to entitle plaintiff to demand a trial, under section 8068.

Under our statute, if the indebtedness from defendants to Kelly had not been due at the time of the trial, the circuit judge should have instructed the jury so to find by their verdict. How. Stat. § 8075. This whole question, therefore, is, was such indebtedness actually due? Kelly had constructed a building for defendants, the contract price being $23,000. Defendants were entitled to retain a certain percentage until the completion of the contract. Defendant Vincent testified that the building was completed, except that the work of "cleaning down" was not finished. Kelly had given an order upon defendants for this work to the amount of $150, upon which they had paid $100, and retained $50 to cover the cost of its completion. This work was not finished at the time of the trial, and defendants' counsel, therefore, insist that nothing was due, the total amount unpaid to Kelly being less than the percentage which defendants were entitled by their contract to retain. Kelly, before the disclosure, had presented his bill to the defendants covering the contract price and certain extras. The architect, after striking out certain extras, approved the bill. Defendant Vincent testified that he considered this amount due to Mr. Kelly at the time of the disclosure, and he was willing to pay it, and the only reason he did not was because the orders above mentioned had been presented to him, which covered considerably more than the amount due. He also testified upon the trial that he was willing to pay it then. No necessity exists for giving the testimony in full. Under the evidence, we

[1] Counsel cited *Townsend v. Circuit Judge*, 39 Mich. 407.

think the instruction of the court correct. It is appar‐ent from the record that this defense is made in the interest of other creditors who subsequently sued Kelly and garnished the defendants.

The judgment is affirmed, with costs.

The other Justices concurred.