CHRISTIAN v. WAYNE CIRCUIT JUDGE.

GARNISHMENT—DISCLOSURE—INTERPLEADER OF GARNISHEE DEFENDANT NOTWITHSTANDING DISCLOSURE—MANDAMUS.

Mandamus will not lie to compel a circuit judge to vacate an order interpleading a garnishee defendant notwithstanding his disclosure showing that he was not indebted to the principal defendant, where another disclosure showed him to be the assignee of money owed to the principal defendant, since a disclosure is but a step in the framing of the statutory issue, and under 3 Comp. Laws 1915, § 13149, such issue is open to plaintiff within a reasonable time without the filing of interrogatories or an examination before a judge or commissioner.

Mandamus by George Christian to compel Arthur Webster, circuit judge of Wayne county, to vacate an order of interpleader in certain garnishment proceedings.     Submitted April 25, 1922.     (Calendar No. 30,179.)     Writ denied June 5, 1922.

*William Look,* for plaintiff.

*Henry P. Seaborg,* for defendant.

Wiest, J.    February 10, 1921, Harry Jerome Darling commenced a suit in the Wayne circuit against Christ Pappas claiming damages for breach of a building contract and, June 23, 1921, garnished Fred A. Pritzel and Orville W. Bloomhuff.    July 14, 1921, Pritzel and Bloomhuff filed their disclosure in writing setting forth therein:

"That on the 7th day of March, A. D. 1921, the said Fred Pritzel and Orville Bloomhuff, entered into an agreement with Christ Pappas wherein said Pappas agreed to sell and said Pritzel and Bloomhuff agreed to purchase a stock of groceries, meats and other merchandise, etc., and fixtures at 7650 Fourteenth street, Detroit, Michigan; and that at the time of the service of the writ of garnishment on the members of said copartnership, there was unpaid under said agreement, the sum of three thousand four hundred forty-two dollars and seventy-four cents (3,442.74) which sum is payable at the rate of two hundred (200) dollars per month, which said payments are represented by negotiable promissory notes, payable on the 7th day of each month; that on the 15th day of March, A. D. 1921, the said Christ Pappas, by assignment in writing, which was consented to in writing by the members of said copartnership, assigned and transferred to George Christian, all the right, title and interest of said Christ Pappas in and to the balance due and to become due under and by virtue of said agreement and that said George Christian, whose residence so far as this deponent knows, is in Detroit, Michigan, claims the entire sum unpaid under said agreement, under and by virtue of said assignment.    Since the date of said assignment this copartnership has paid three (3) promissory notes of $200 each."

On July 12, 1921, Mr. Darling sued out a writ of garnishment against George Christian, plaintiff

herein, and, July 21, 1921, Mr. Christian filed his disclosure denying any and all indebtedness to or having any property or effects in his possession belonging to the principal defendant Pappas.    A copy of Mr. Christian's disclosure was duly served on the attorney for Mr. Darling.    No interrogatories or demand for an examination before a judge or commissioner was filed to this disclosure.

August 30, 1921, Mr. Darling again took out a writ of garnishment against Pritzel and Bloomhuff, and on September 16, 1921, the garnishee defendants filed a second disclosure setting forth the identical facts in their first disclosure.    September 17, 1921, Mr. Darling filed a motion to interplead Mr. Christian as claimant, as a garnishee defendant, and an order was entered granting the motion.    October 7, 1921, Mr. Christian filed a special motion to vacate and set aside such order of interpleader, which motion was denied. October 17, 1921, Mr. Christian filed his answer in which he protested against the order of interpleader. October 25, 1921, Mr. Darling filed a demand for trial of the statutory issue.    November 22, 1921, Mr. Christian filed a special motion to quash, vacate and set aside the several writs of garnishment, and that motion has not yet been disposed of, being held in abeyance pending this proceeding.

Plaintiff herein asks in this proceeding for a writ of mandamus directing the circuit judge to vacate and set aside the order of interpleader made September 24, 1921.    Plaintiff herein relies upon the holding in *Townsend* v. *Cass Circuit Judge*, 39 Mich. 407.    The holding there is not applicable upon the facts here.

It is true a disclosure not showing an indebtedness to a defendant or personal property held for him does not in and of itself authorize any judgment against the garnishee.    Such a disclosure, however, is but a step in the framing of the statutory issue and such

issue is open to a plaintiff without the filing of interrogatories or an examination before a judge or commissioner. *Hobson* v. *Kelly*, 87 Mich. 187.

Since the decision in the *Townsend Case* the statute has been amended with reference to a claimant named in the disclosure of a garnishee. 3 Comp. Laws 1915, § 13149. This statute fixes no period within which an order must be made impleading the claimant and, therefore, leaves it to be made within a reasonable time. Successive writs of garnishment may issue against the same party. Plaintiff in the principal case had a right to pursue his statutory remedy under the disclosure of Mr. Christian or under the disclosure of Pritzel and Bloomhuff showing Mr. Christian to be a claimant. The right to implead Mr. Christian was not lost even under the first disclosure showing him to be a claimant; neither was there error in impleading him under the second disclosure of Pritzel and Bloomhuff.

We discover no reason for granting the writ prayed for, and the same is denied, with costs against plaintiff herein.

Fellows, C. J., and McDonald, Clark, Bird, Sharpe, Moore, and Steere, JJ., concurred.