## KELLY-SPRINGFIELD TIRE CO. *v.* HARRITY.

1. JUDGMENT—EFFECT OF DETERMINATION WITHOUT PREJUDICE.
   A determination without prejudice preserves the other original rights of the party, except as they are circumscribed by conditions attached to the order.

2. GARNISHMENT — EFFECT OF DENIAL OF MOTION FOR JUDGMENT UPON DISCLOSURE—STATUTORY ISSUE.
   Where plaintiff's motion for judgment against garnishee defendants upon their disclosure was denied without prejudice as to what might be shown upon a statutory issue, whatever remedy plaintiff would have in the way of framing and trying a statutory issue was preserved to it, and it was not necessary for it to demand further disclosure nor to propound interrogatories in order to have a statutory issue framed.

3. SALES—CONDITIONAL SALE—BREACH OF CONDITION BY SELLER—OPTIONS OF BUYER—FAILURE TO RESCIND RESULTS IN AFFIRMANCE.
   Where the property of a corporation was sold upon the condition that it pay its debts out of the down payment within a certain time and comply with the bulk sales act, upon breach of said condition the buyers had the option of either affirming or rescinding the sale, and failure to rescind within a reasonable time would result in affirmance under the uniform sales act (3 Comp. Laws 1915, §§ 11842, 11850, 11879; 11900).

4. FRAUDULENT CONVEYANCES—BULK SALES ACT—SALE VOID AS TO SELLER'S CREDITORS UNLESS ACT COMPLIED WITH.
   No contract of sale valid as to creditors of the seller can be entered into unless the requirements of the bulk sales act are complied with.

5. CORPORATIONS—WHEN CREDITOR MAY PETITION FOR DISSOLUTION OF DEBTOR CORPORATION.
   Under the statute (3 Comp. Laws 1915, §§ 13572-13602)

---

[1]Judgments, 34 C. J. § 1217; [2]Garnishment, 28 C. J. § 507; [3]Sales, 35 Cyc. p. 151; [4]Fraudulent Conveyances, 27 C. J. § 885; 2 L. R. A. (N. S.) 331; 12 R. C. L. 525; 2 R. C. L. Supp. 1443; 5 R. C. L. Supp. 649; 6 R. C. L. Supp. 713; [5]Corporations, 14a C. J. § 3794.

there is no authority in a creditor to petition for the dissolution of a debtor corporation except in the one instance of a corporation whose charter has expired.

6. JUDGMENT — SALES — FRAUDULENT CONVEYANCES — FAILURE TO COMPLY WITH BULK SALES ACT.

Where a corporation sold its property upon condition that it would pay its debts and comply with the provisions of the bulk sales act, but it failed to do so, the decree in a suit brought against it by the buyers "to complete the transaction," to which the creditors of the corporation were not made parties, and the object of which was to circumvent the provisions of said act, was not binding on said creditors.

7. FRAUDULENT CONVEYANCES — OPERATION OF BULK SALES ACT MAY NOT BE EVADED BY FORM OF AGREEMENT.

Parties to a sale may not, by the form of their agreement, evade the operation of the bulk sales act.

8. SAME — SALES—CONDITIONAL SALE—PROMPTNESS REQUIRED TO ESCAPE LIABILITY UNDER BULK SALES ACT.

A conditional agreement of sale, under which the buyer pays to the seller the whole or part of the purchase price, accompanied by delivery of the goods to the buyer and upon condition that title should not pass until the seller had paid his debts, produces a situation so anomalous as to require diligent promptness and consistent conduct in repudiation of the sale by the buyer in order to escape liability under the bulk sales act, where the seller fails to pay his debts.

Case-made from Wayne; Dunham (Major L.), J., presiding.    Submitted January 5, 1928; resubmitted March 27, 1928.    (Docket No. 59.)    Decided June 4, 1928.

Garnishment proceedings by the Kelly-Springfield Tire Company against Patrick J. Harrity and William E. Harrity, copartners as the Dix Avenue Garage, garnishee defendants of the Dix Avenue Garage, Inc. Judgment for plaintiff, garnishee defendants appeal. Affirmed.

---

[6]Judgments, 34 C. J. § 1480; [7]Fraudulent Conveyances, 27 C. J. § 890; [8]Id., 27 C. J. § 892.

*E. A. Fink* and *Lodge & Brown,* for appellants.

*John McNeil Burns* and *Edward G. Degree,* for appellee.

FEAD, C. J.    Plaintiff had judgment in garnishment. The garnishee defendants bring error.

The affidavit in garnishment was filed April 14, 1925. The disclosure, filed April 30, 1925, states, in substance, that on November 19, 1924, the garnishee defendants entered into a contract to purchase from the principal defendant its garage business, and goods and chattels belonging thereto, for $6,000. At that time they paid $2,500 to the defendant under a written agreement that, within 72 hours, the defendant, out of such payment, would pay all its debts which might be a lien upon the property, such payment being made for the express purpose of complying with the bulk sales act (Act No. 223, Pub. Acts 1905 [2 Comp. Laws 1915, §§ 6346-6348]) before completion of the purchase. Instead of paying its debts, the defendant attempted to compromise with some of the creditors, and actually made settlement with at least one. The garnishees also executed their promissory notes for $3,500 for the balance of the purchase price, and the notes were put in escrow to be delivered to the defendant when it should furnish evidence of the payment of its debts, with a sworn statement to comply with the bulk sales act, or should deliver a clear bill of sale. Under those conditions, the garnishees took and were holding possession of the property. The transaction was not completed, as the officers of the defendant did not pay the debts, but appropriated the money to their own use. The garnishees, in negotiating with the defendant, demanded the payment of all claims against the property, demanded a list of the creditors under oath, together with a statement that the debts had been paid, as a condition of its purchase, but the conditions had not been complied with and the notes were

still in escrow. The garnishees claimed to hold possession of the goods as an incident to their negotiations for the purchase, and alleged that "in order to complete the said transaction," they had filed a bill in chancery against the defendant and secured an injunction restraining it from taking possession of the promissory notes until the provision of the bulk sales act should be complied with, and—

"that such bill of complaint is in the nature of both a bill for specific performance and an injunction bill, and that the purpose thereof is to protect not only these garnishee defendants but also all creditors of the said business; and that all creditors are amply protected, and, for realization of their claims out of the transaction between these garnishees and the principal defendant herein, should intervene in the said chancery proceeding and prove the amount of their claims and secure their payment therein."

Reference is made, as part of the disclosure, to the chancery file. The disclosure sums up the claims of the garnishee defendants as follows:

"In reiteration, therefore, these garnishees show to the court that their transaction for the purchase of the said business from the principal defendant herein has never been completed; that they do not owe the principal defendant anything until performance of the conditions precedent by it, that is, compliance with the bulk sales act; that they do not hold the said goods and chattels, and possession of the said business, or have control thereof, as the property of the said principal defendant, but that they hold the same merely for the protection of the said property and for enforcement of the agreement of sale by the said principal defendant to those garnishees, and that for such reasons this garnishment proceeding is unwarranted and should be dismissed without prejudice to the plaintiff for otherwise securing its claim."

On May 12, 1925, plaintiff filed a demand for the trial of the statutory issue. On November 27, 1926, plaintiff obtained judgment against the principal defendant in the sum of $2,812.60. On November 6,

1925, the garnishees obtained a *pro confesso* decree against the principal defendant in their chancery suit.

The decree recites the facts at length, finds that the defendant corporation was insolvent, that the directors acted in bad faith and fraudulently misappropriated the advance payment made by the garnishees.   The decree affirms the agreement of purchase and sale made between the garnishees and the defendant, declares that the $3,500 notes are the property of the defendant corporation, appoints a receiver for the principal defendant, orders the notes turned over to the receiver, dissolves the corporation, and orders the assets paid *pro rata* to the creditors who may present claims, provides for the presentation of claims, orders the defendant and its officers to deliver to the receiver all assets of the corporation, including $1,900 received from the garnishees on the purchase agreement, subrogates the garnishees to the rights of such creditors as they may have paid, and declares that the garnishee defendants—

"have good title to the business and assets of the said corporation in accordance with the inventory under the agreement of purchase, and that any and all creditors of the said corporation have no other or further claims against the said plaintiffs or against the business and assets included in the said agreement of purchase by the plaintiffs (garnishee defendants herein)."

On June 28, 1926, plaintiff filed a motion for the entry of judgment against the garnishees upon their disclosure.   July 6th the garnishees answered, denying liability, referring to the decree of November 6, 1925, and setting up some of its terms.   The motion came on to be heard before Honorable Arthur Webster, circuit judge, and was denied "but without prejudice as to what might be shown upon a statutory issue."

The record does not show that the garnishee defendants asked judgment in their favor.   In their answer to the motion they merely moved that the motion be

dismissed.    No judgment seems to have been entered on the motion.    The trial of the statutory issue came on for hearing before the court without a jury on December 10, 1926, and resulted in a judgment for the plaintiff in the full amount of its claim.    The defendants objected to the trial on the grounds that the disclosure showed they were not indebted to the principal defendant, that the denial of the motion by Judge Webster was *res adjudicata* of the garnishment issue, and that the plaintiff had not taken proceedings to require a further disclosure or examination within ten days after the filing of disclosure.    They present the same contentions here.

The decision on the plaintiff's motion for judgment was a determination of no more than that the disclosure was not, of itself, sufficient to charge the garnishee defendants with liability.    The denial of the motion "without prejudice as to what might be shown upon a statutory issue," preserved to the plaintiff whatever remedy it would have had in the way of framing and trying a statutory issue had the motion not been made.    A determination without prejudice preserves the other original rights of the party, except as they are circumscribed by conditions attached to the order.    34 C. J. p. 791.    Here, the order itself preserved the right to trial of the statutory issue.

It was not necessary for the plaintiff to demand further disclosure nor to propound interrogatories in order to have a statutory issue framed.

"It is true a disclosure not showing an indebtedness to a defendant or personal property held for him does not in and of itself authorize any judgment against the garnishee.    Such a disclosure, however, is but a step in the framing of the statutory issue and such issue is open to a plaintiff without the filing of interrogatories or an examination before a judge or commissioner.    *Hobson* v. *Kelly*, 87 Mich. 187."    *Christian* v. *Wayne Circuit Judge*, 219 Mich. 37.

In his findings of fact, the circuit judge held that

the defendant had sold the property to the garnishees. This finding was warranted by the testimony. The sale had been entirely completed, by delivery of the property and of the consideration, except in the one respect of the condition that the defendant was to pay its debts within 72 hours. Upon the breach of that condition, the garnishees were confronted with the right, and necessity, of an election of procedure. They could have affirmed the sale or rescinded it. Failure to rescind within a reasonable time would result in affirmance. Uniform sales act (3 Comp. Laws 1915, §§ 11842, 11850, 11879, 11900). There was no attempt nor intent to rescind. On the contrary, the garnishees unequivocally demonstrated their position of affirmance, long before the garnishment proceedings were instituted, by commencing suit against the sellers and retaining possession of the goods, not by way of claim of lien to secure the purchase money advanced, but in pursuance of the purchase.

"No contract of sale valid as to creditors of the seller can be entered into unless the requirements of the bulk sales act are complied with." *Albright* v. *Stockhill,* 208 Mich. 468.

There remains to be considered the effect of the chancery suit on the rights of plaintiff. The pleadings are not in the record and the character of the suit must be gathered from the decree. As the decree was taken *pro confesso,* it may be presumed to represent the garnishees' theory of it. Counsel for garnishees claim the provisions of the decree declaring dissolution of the defendant corporation and distribution of its assets among its creditors were pursuant to 3 Comp. Laws 1915, §§ 13572-13602. A reading of these sections fails to disclose authority in a creditor to petition for the dissolution of a debtor corporation except in the one instance of a corporation whose charter has expired. Nor does it appear in the record that any of the notices or other proceedings provided

by the dissolution statute were had to subject the creditors to the jurisdiction of the cause.

The character and purpose of the action, as disclosed by the decree, admit of no doubt.   The suit was personal, not representative, the creditors were not made parties, no notice was given them, and the object of the action was to circumvent the provisions of the bulk sales act by completing the sale upon conditions which would secure to the garnishees full reimbursement for the $2,500 they had paid on the sale in violation of the bulk sales act and would leave only the balance unpaid on the sale to recovery by the general creditors.   Counsel cite no authority and advance no reason for disturbing the fundamental principle that one, not made a party to the action in the manner provided by law and who is not estopped, is not bound by the judgment.

The case might well rest here.   But the character of the contract at bar prompts the further observation that parties to a sale cannot be permitted, by the form of their agreement, to evade the operation of the bulk sales act.   It is conceivable that, in a hurry, a contract may be made in good faith under which a buyer may take immediate possession of goods and the seller agree to pay his debts.   But a conditional agreement of sale under which the buyer pays to the seller the whole or part of the purchase price, accompanied by delivery of the goods to the buyer and upon condition that title should not pass until the seller had paid his debts, produces a situation so anomalous as to require diligent promptness and consistent conduct in repudiation of the sale by the buyer in order to escape liability under the act.

The judgment of the circuit court is affirmed, with costs to plaintiff against the garnishee defendants.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.