MARY NEWTON, Respondent, *v.* DANIEL E. WADE and Others, Doing Business as WADE BROS. & Co., Appellants.

First Department, January 19, 1934.

*Edward H. Lockwood* of counsel [*R. D. Murray* with him on the brief; *Murray, Hollaman & Lockwood,* attorneys], for the appellants.

*Jacob Rosenberg* of counsel [*George Gordon Battle* with him on the brief; *Battle, Levy, Van Tine & Fowler,* attorneys], for the respondent.

TOWNLEY, J. The plaintiff brings this suit at law claiming $30,000 damages for various alleged wrongful acts of the defendants, stockbrokers, which caused losses to her as their customer. The only claim which the trial court allowed was based on a transaction of December 13, 1928. At that time the defendants sold 200 shares of Houston Oil concededly without authority. This conversion was a technical conversion and not in any way made in bad faith. The customers' man who sold the stock at about ninety-two and one-quarter thought he was doing it for the benefit of the account. The trial court has found that on the next day, when the stock was selling at about eighty-seven, the defendants offered to reinstate the account, and, since the stock had fallen below what it was sold at, to give the plaintiff the benefit of the loss in cash. The customer refused this offer.

The plaintiff claims that she was not obliged to accept a reinstatement in a declining market after the wrongful sale of her stock. The trial court agreed with plaintiff and allowed her to elect to claim damages as of January 3, 1929, when the stock was selling at 107. In support of this measure of damages the trial court cited *Taussig* v. *Hart* (58 N. Y. 425); *McIntyre* v. *Whitney* (139 App. Div. 557), and *Rosenbaum* v. *Stiebel* (137 id. 912).

The claim involved in this case was previously tried at Special Term on a complaint made by plaintiff against the defendant partnership for an accounting. At that time the defendants pleaded an account stated. The trial court found that the account had been duly stated between the plaintiff and defendants covering all transactions between them as of May 1, 1929. The judgment entered in favor of the defendants was " that the plaintiff's complaint be and the same is hereby dismissed without prejudice to the right of the plaintiff, if any, to commence an action at law against the defendants." It was the contention of the plaintiff on this trial that the plea of *res judicata* entered by the defendants was not well founded because of the form of the judgment. We think that the clear meaning of the words " if any " was that any action brought must be consistent with the judgment in the accounting action. Since plaintiff was properly in equity, the facts cannot be relitigated in so far as they were passed on at Special Term. The test for an estoppel by judgment has been laid down as follows: " The decisive test is this, whether the substance of the rights or

interests established in the first action will be destroyed or impaired by the prosecution of the second. An estoppel is not avoided in such circumstances by mere differences of form between the one action and the other. [*Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316; *Southern Pacific Ry. Co.* v. *U. S.,* 168 id. 1, 49.]" (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.)

Aside from the plea in bar, the decision cannot be sustained on the merits. It is clear from the opinion that the trial justice believed that the conversion was technical and without bad faith, that there was a prompt offer to reinstate the account, and that the customer refused to have the account reinstated. Upon an examination of the record, we find no error in such conclusion. Accordingly, the rule of damages ordinarily in force in this State in the case of wrongful conversion, which is stated in the cases cited, has no application.

Cases of innocent technical conversion are governed by the rule laid down by the Court of Appeals in *Baker* v. *Drake* (53 N. Y. 211, 217): " If, upon becoming informed of the sale, he [the customer] desired further to prosecute the adventure and take the chances of a future market, he had the right to disaffirm the sale and require the defendants to replace the stock. If they failed or refused to do this, his remedy was to do it himself and charge them with the loss reasonably sustained in doing so. The advance in the market price of the stock from the time of the sale up to a reasonable time to replace it, after the plaintiff received notice of the sale, would afford a complete indemnity. Suppose the stock, instead of advancing, had declined after the sale, and the plaintiff had replaced it, or had full opportunity to replace it, at a lower price, could it be said that he sustained any damage by the sale; would there be any justice or reason in permitting him to lie by and charge his broker with the result of a rise at some remote subsequent period? * * * If the broker has violated his contract, or disposed of the stock without authority, the customer is entitled to recover such damages as would naturally be sustained in restoring himself to the position of which he has been deprived. He certainly has no right to be placed in a better position than he would be in if the wrong had not been done." To the same effect, see *Wright* v. *Bank of Metropolis* (110 N. Y. 237) and *Colt* v. *Owens* (90 id. 368). The plain meaning of these decisions is that if the customer demands that the account be reinstated, the broker must do so. The converse must also be true. If the broker offers to reinstate, the customer is under a necessity either to accept reinstatement or ratify and confirm the unauthorized sale.

In the present case the defendants offered to do more than they

were legally bound to do. They offered not only to replace the stock but to give the customer the benefit of the fall in price. But the customer though in no wise injured has claimed the right to speculate until January 3, 1929, for a rise in the market at the expense of the defendants. Such a result, under circumstances that do not amount to a conversion in bad faith, cannot be justified.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MARTIN, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.