MARGARET J. CLARK, as Administratrix, etc., of FRANK J. CLARK, Deceased, Appellant, *v.* THE DELAWARE AND HUDSON RAILROAD CORPORATION, Respondent.

Third Department, November 13, 1935.

*Leary & Fullerton* [*James A. Leary* and *Walter A. Fullerton* of counsel], for the appellant.

*Joseph Rosch* [*W. E. Pierce* and *Raymond L. Carr* of counsel], for the respondent.

HEFFERNAN, J.   This is an appeal by plaintiff from an order of the Special Term of the Supreme Court relieving defendant from a stipulation settling the case and exceptions, setting aside the order settling the case and also providing that the case and exceptions on appeal be corrected by making certain insertions therein which will be referred to hereafter.

Plaintiff as the administratrix of her deceased husband brought an action against defendant under the Federal Employers' Liability Act and the Safety Appliance Act of the United States* to recover damages on the ground that her husband came to his death while he was engaged in the performance of his duties coupling air hose and adjusting coupling devices on defendant's main track, about 1,000 feet south of defendant's station at Dannemora.

The complaint charges that defendant's train was suddenly and violently moved while plaintiff's intestate was performing his duties between two cars.   The complaint contains appropriate allegations for a cause of action under the statutes to which reference has been made.   The answer denies the material allegations of the complaint except that there is an admission of its status as an interstate carrier and a further admission that the decedent at the time received injuries which resulted in his death while employed as a freight conductor by defendant.   The allegation of his employment in interstate commerce was denied, but prior to the trial of the action, at the request of plaintiff's attorneys, the defendant, by its counsel, made a stipulation conceding that plaintiff's intestate at the time of the accident was engaged in interstate commerce.

The action was tried at the Clinton Trial Term on October 9, 1934, and at the close of plaintiff's case her complaint was dismissed. She appealed to this court from that judgment under date of November 20, 1934.   Plaintiff's attorneys sent the stenographer's minutes to defendant's attorneys about December 5, 1934.   On December 14, 1934, the defendant stipulated the correctness of the record and on December 28, 1934, the record on appeal as stipulated and ordered settled was filed in the office of the clerk of this court.

---

* See U. S. Code, tit. 45, §§ 51–59, and Id. §§ 1–10.— [REP.

On May 2, 1935, defendant's counsel for the first time indicated that the record as settled was not correct.

At our May, 1935, term this court on defendant's application made an order directing that the record on appeal be returned and transmitted to the Trial Term for such action as that court might determine to be proper on a motion to amend and correct the case on appeal and for relief from the stipulation of settlement.

The controversy centers around paragraph 5 of the complaint which reads as follows: " That on November 17, 1932, at about 12:30 A. M., plaintiff's intestate, Frank J. Clark, was employed by the defendant as a conductor on a freight train known as the ' Hill Crew,' which operated between Plattsburgh, N. Y., and Lyon Mountain, N. Y., and was engaged in the performance of his duties coupling air hose and adjusting coupling devices on said freight train on defendant's main track at Dannemora, N. Y., and was then and there engaged in interstate commerce."

On the trial the following colloquy took place between counsel for the respective parties:

" Mr. Leary: I ask if the defendant will admit paragraph five of the complaint which was denied in the answer. I understand there is no contention upon that now.

" Mr. Pierce: May I take the further objection to the rules and safety suggestions upon the ground that they are the subject of expert testimony and laymen cannot be permitted to speculate as to what these rules mean and their application in the case at bar or in any case.

" The Court: I have not read them. I will rule upon that objection later and will reserve decision now. I will admit them subject to your changing my decision and convincing me later upon a motion to strike out. They are in for the time being.

" Mr. Leary: Will you admit paragraph five of the complaint?

" Mr. Pierce: Yes, we do."

After this court remitted the record on appeal to the court below, defendant applied to the court at Special Term presided over by the justice who presided at the trial of the action for an order relieving it from the stipulation settling the case and exceptions and also for an order resetting the case by striking from the discussion which I have quoted the last question reading as follows: " Mr. Leary: Will you admit paragraph five of the complaint?" and by inserting instead the following question: " Mr. Leary: Will you admit the allegation in paragraph five of the complaint with respect to interstate commerce?" The learned Special Term granted defendant's application and it is that order which we are now

reviewing. The court below wrote no opinion in connection with the motion and assigned no reasons for its action.

It was not claimed before the Special Term nor was any claim made before us that the stenographer who took the minutes of the trial erred in any respect. It is undisputed that the stenographer correctly took and accurately transcribed the discussion between counsel. The contention of the attorneys who represented defendant on the trial is that they never intended to admit paragraph 5 of the complaint in its entirety. They insist that they assumed that they were admitting that paragraph only with respect to interstate commerce. It may well be that that was their intention. The record, however, shows that they imposed no such limitation when the admission was made. It may well be that neither counsel understood at the time the significance of the concession. The contention of defendant's attorneys that it was their purpose to limit the concession to the fact that the decedent was engaged in interstate commerce is hardly plausible. As heretofore pointed out, it had given plaintiff's attorneys a written stipulation that decedent was engaged in interstate commerce. With that stipulation in their possession a further admission of the same fact was of no value to plaintiff's attorneys. Plaintiff of course had the right to rely on the stipulation as made. Then, too, it should be remembered that long after the trial and after defendant had an opportunity to examine the stenographer's minutes it stipulated that the record was correct and that an order of settlement might be made.

In order for plaintiff to succeed on her appeal she must establish that deceased was engaged in coupling air hose and adjusting coupling devices at the time he received fatal injuries, and that such injuries were caused by defendant's negligence. Without defendant's admission of paragraph 5 of the complaint she cannot succeed. There is no other evidence in the record establishing this fact except the concession itself. We have, therefore, a case where the trial judge erroneously nonsuited because with that concession in the record a question of fact was presented for a jury. If that concession is eliminated from the record an affirmance of the judgment must follow. It is, therefore, obvious that if defendant is relieved from this concession plaintiff will suffer great injustice. When plaintiff obtained the concession as to the correctness of paragraph 5 of her complaint she made no attempt to offer other proof to show what the deceased was actually doing when injured. The concession relieved her from that responsibility. This concession was not made by inexperienced counsel. Defendant was represented by unusually competent lawyers.

There can be no question about the authority of a trial justice to correct a record on appeal. It is equally well settled that in the absence of a showing of clear abuse of discretion matters within the discretion of the trial court will not be disturbed on appeal. We do not regard this as a discretionary order. The trial judge is invested with no authority to change a record unless a mistake has been made. Here the stenographer made no mistake. The trial judge has altered the record so as to recite not what was actually said but what he believes counsel intended to say. As resettled the record does not speak the truth. The trial judge has no power to make such an alteration. Defendant did not apply to the trial court to relieve it from a concession. Instead it asked the court to alter the record. Where a party has through inadvertence, mistake or other cause made an admission or entered into a stipulation as to facts which are not true, there is, of course, power in the court to furnish relief in the exercise of sound judicial discretion upon good cause shown and in furtherance of justice. But where a party seeks to amend a pleading which has admitted facts, or to be relieved from a stipulation to the same effect which has been relied or acted upon by the other party, and to grant relief would prejudice substantial rights of the latter, the court should not exercise its discretion in thus changing the situation of the parties. (*Levy* v. *Delaware, Lackawanna & Western R. R. Co.*, 211 App. Div. 503.)

Defendant has offered no proof whatsoever to indicate that the admission which its counsel made on the trial is not in accord with the facts. In fact it has failed to deny statements contained in an affidavit on plaintiff's behalf in opposition to the motion to the effect that the admission correctly recites what actually occurred.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., RHODES and McNAMEE, JJ., concur; CRAPSER, J., dissents and votes to affirm the order appealed from.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.