■ In the Matter of ALBERT E. McFERRAN, Respondent, v. BOARD OF EDUCATION, COLONIE CENTRAL SCHOOLS, CENTRAL SCHOOL DISTRICT No. 1, Appellant.— *Per Curiam.* In this article 78 (Civ. Prac. Act) proceeding respondent Board of Education appeals from an order of the Supreme Court at Special Term which vacated the resignation of petitioner, a social science teacher with tenure, and directed a hearing upon charges of misconduct which had been preferred against him. The charges containing six specifications of insubordination, conduct unbecoming a teacher and inefficiency were made in writing to the Board of Education by the supervising principal of the school district. At a regular meeting of the board held on January 15, 1963 cognizance was taken of their preferment, a hearing thereon scheduled for January 29, 1963 and the clerk of the board directed to give notice thereof to the teacher charged. On January 16, 1963 a notice of such hearing, together with a copy of the charges, was served on petitioner personally. An attorney retained to represent him and counsel for the school board stipulated in writing to an adjournment of the hearing to February 16, 1963. Petitioner resigned his appointment as a teacher effective June 30, 1963 by a formal instrument dated February 6, 1963 which further stated " that this resignation is irrevocable and is made, executed and delivered as my own free act and deed and without duress, coercion or restraint, without any representations whatsoever, express or implied from the Board of Eduction * * * its agents, servants, employees, attorneys or otherwise, and that it is made, executed and delivered with the intention that it shall be accepted and relied on by you and with the knowledge that upon the basis of this resignation, you may enter into binding legal arrangements for the employment of some other individual to fill my position." At the same time he addressed a letter to the board enclosing the resignation. Both were delivered to the attorney for the board by petitioner's then counsel with a covering letter which read as follows: " We are forwarding you herewith letter of the above named together with his resignation duly signed and acknowledged. It is [the]

understanding that the charges heretofore filed against Mr. McFerran which were scheduled for hearing on January 29, and adjourned to February 13, are discontinued without prejudice to either party." Upon receipt of the resignation by the board the supervising principal withdrew the charges; an February 7, 1963 the board accepted petitioner's notification of the relinquishment of his position, its formal resolution further providing " that the aforesaid hearing upon charges against the said Albert E. McFerran Jr. be and the same is discontinued without prejudice." Petitioner was advised of its action by letter dated February 7, 1963. On May 21, 1963 he directed a communication to the board advising that he had retained other counsel to represent him; it also contained a request that his " tender of resignation, heretofore submitted to * * * and accepted by [the board] on February 7, 1963, be withdrawn " for the ascribed reason that " The consideration and inducement by means of which [he] was constrained to tender such resignation was not complied with " and demanded a hearing on the charges. The board's refusal to grant his request was followed by the initiation of this proceeding. As the basis for the grant of the relief sought Special Term held that " discontinuance of the hearing without prejudice * * * means that the hearing could be re-scheduled for a trial upon the merits for the charges remain extant and unresolved. Their resolution now would not alter the respondent's position because it stipulated that the giving of the release was without prejudice to petitioner's rights and, certainly, one of his rights is the right to a trial (Education Law, Sec. 3013)." We cannot believe that the parties by the use of the term " without prejudice " in discontinuing the proceeding — already mooted by their respective acts of tender and acceptance and the withdrawal of the charges — intended to reserve to either of them the right to compel at will the reinstatement of the accusations and a trial thereof on the merits. The phrase was employed not in its conventional legal sense but was meant to effect a vacatur of the charges without imputation of wrongful behavior on the part of the petitioner. It was any mark of discredit emanating from the charges themselves which petitioner's counsel was justifiably seeking to erase when he proposed the terms upon which the proceeding was to be brought to a formalized conclusion. Order reversed, on the law and the facts, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.