NORMAN VERBANIC et al., Respondents, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Appellants, and HELEN JEFFERSON et al., Intervenors-Appellants.

Third Department, May 31, 1973.

*Robert D. Stone* (*Lawrence W. Reich* and *John P. Jehu* of counsel), for appellants.

*Gary S. Bittner* for intervenors-appellants.

*Peter A. Vinolus* (*Nicholas Konst* of counsel), for respondents.

SWEENEY, J. This is an appeal from a judgment of the Supreme Court, entered October 16, 1972 in Albany County, upon a decision favorable to plaintiffs.

This is an action for declaratory judgment commenced August 23, 1972 seeking an injunction restraining the Commissioner of Education from further interference with the Lackawanna School Board. There is no factual dispute. The controversy involves a question of law.

In October, 1970 the parents of school children petitioned the Commissioner of Education to remove members of the school board and certain school employees for alleged misconduct in the performance of their duties. The Commissioner refused removal but appointed an overseer to advise the local school board and to insure the correction of specified deficiencies. The Commissioner also retained jurisdiction of the matter. Subsequently, on April 10, 1972, by a further decision, the Commissioner increased the control to be exercised by the overseer and directed that no official action of either the board or any of its members could be taken without the prior written approval of the overseer. Thereafter, certain resolutions passed by the board over the opposition of the overseer were declared a nullity by the Commissioner. The board rescinded the resolutions.

Prior to a consideration of the merits, it is necessary to pass upon a procedural issue raised by defendants. They maintain that an article 78 proceeding is the proper method to review the determination of the Commissioner of Education, and in the instant case the four-month Statute of Limitations is a bar. As a general rule, there is merit to defendants' contention that an article 78 is the proper proceeding. The action was improperly commenced as a declaratory judgment action. The court, however, may retain jurisdiction and treat the action as if properly brought. (CPLR 103, subd. [c]; *Socha v. Smith*, 33 A D 2d 835, 836, affd. 26 N Y 2d 1005; *Board of Educ. of Cent. High School Dist. No. 2 of Towns of Hempstead and North Hempstead v. Allen*, 25 A D 2d 659.) The four-month Statute of Limitations would, nevertheless, apply. It is clearly established that the statute does not start to run until there is a final and binding determination (CPLR 217), which means the action must actually have an impact on the petitioner. An examination of the record reveals that it was not until August 10, 1972 when the overseer refused to approve certain resolutions adopted by the board, that plaintiffs were aggrieved. The present proceeding was commenced on August 23, 1972, well within the four-month limitation. The statute, therefore, is not a bar.

As to the merits, the specific question presented on this appeal is whether the Commissioner had the authority to impose upon a local school board an overseer invested with veto power.

The Commissioner has the responsibility of supervision of all schools within the State (Education Law, § 305). To carry out his supervisory functions, he has the authority to remove officials, including members of local school boards, for violations or neglect of duty (Education Law, § 306, subd. 1). He is further

authorized to determine controversies presented to him by aggrieved parties (Education Law, § 310). Initial decision making, however, is vested in the local board, the duly elected representatives of the school district (e.g., Education Law, §§ 1604 and 1709). The investing of an overseer with power to substitute his opinion and determination for those of the local board amounts to a complete frustration of legislative intent. It transfers the statutory powers and duties of the local board to the Commissioner. This, in our opinion, amounts to an egregious usurpation of power and totally transcends the Commissioner's authority. We find no authorization for it in either law or logic.

We are not persuaded by the Commissioner's argument that the veto power is a lesser power than removal and, therefore, is included within the power to remove. Neither do we agree with the Commissioner's contention that section 311 of the Education Law is authority for the action taken here.

The judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and KANE, JJ., concur.

Judgment affirmed, without costs.