■ RICHARD A. SCHOENFELD, Respondent, v. ATOMIC PRODUCTS CORP., Appellant.— In an action by a vendee for specific performance of a contract to sell vacant land, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered December 20, 1972, directing that defendant deliver title to plaintiff. Judgment affirmed, with costs. By written stipulation, the parties agreed that all the issues were to be tried by a jury. The trial proceeded on two basic issues: (1) defendant's counterclaim for damages for fraud and misrepresentation by plaintiff in inducing defendant to enter into the contract and (2) plaintiff's entitlement to specific performance. The Trial Justice directed that the first issue be decided by the jury. Subsequently, upon the same evidence submitted to the jury, but without the jury's participation, the Justice determined the second issue, as a matter involving equitable relief. In our opinion, the Trial Justice properly construed the stipulation with respect to a jury trial as relating only to common-law issues and not touching upon the equitable issues posed. Under CPLR 4101, the Justice was mandated to decide the equitable issues without the jury's deliberation thereon. Since legal and equitable issues were mingled and it appeared that a severance would be undesirable and unnecessary, the Trial Justice was warranted in having the jury decide the legal issues while he, simultaneously, was trying and determining the equitable issues (*Vinlis Constr. Co.* v. *Roreck*, 23 A D

2d 895). Martuscello, Brennan and Benjamin, JJ., concur; Munder, Acting P. J., and Shapiro, J., dissent and vote to reverse and grant a new trial, with the following memorandum: Since the parties had stipulated that all issues be tried by a jury, the Trial Justice should not have proceeded, as he did, to determine the equitable issues. The parties had a right to chart their own course of procedure at the trial (*Cullen* v. *Naples,* 31 N Y 2d 818, 820) and the Trial Justice should have recognized this right by submitting all the issues to the jury.