■ CHARLES GREENBERG et al., Respondents, v NEW YORK CITY PLAN-NING COMMISSION et al., Appellants.—In a proceeding to enjoin appellants from establishing an off-track betting (OTB) parlor at 75-41 31st Avenue, Jackson Heights, Queens, New York, the appeal is from an order of the Supreme Court, Queens County, dated December 31, 1974, which directed enforcement of a stipulation executed in August, 1974 and, pursuant thereto, granted the relief sought. Order reversed, on the law, without costs, and proceeding dismissed, without prejudice to the institution by petitioners of a new proceeding, if they be so advised, for the relief sought in the original proceeding, which proceeding terminated upon the execution of a stipulation of discontinuance. The parties to the original proceeding signed a stipulation in August, 1974, pursuant to CPLR 3217, wherein they agreed that the proceeding was "discontinued without prejudice to either side upon the understanding that respondent New York City Off-Track Betting Corpo-ration does not intend to and will not open a branch office at 75-41 31st Avenue, Jackson Heights, Queens, New York." Thereafter, in December, 1974, the instant proceeding to enforce the stipulation was commenced on the ground that OTB had begun construction and intended to open the parlor. The discontinuance in the original proceeding was clearly without prejudice, and was not an adjudication on the merits (CPLR 3217, subd [c]). It served to put the parties in *status quo,* as though no proceeding had ever been instituted. Thus, there was no longer a proceeding pending in which the court could assert its power (see *Gardner v Board of Educ., Cent. School Dist. No. 1,* 28 AD2d 616). It was therefore not proper for petitioners in the instant proceeding, among whom are some who were not parties to the stipulation, to attempt to rely upon the stipulation. They are relegated to the institution of a new proceeding, based upon whatever grounds they may have previously urged, plus any which may have subsequently arisen. Rabin, Munder and Shapiro, JJ., concur; Hopkins, J., dissents and votes to affirm the order, treating the proceeding as transformed into an action, with the following memorandum, in which Gulotta, P. J., concurs: The New York City Off-Track Betting Corporation (OTB) on August 2, 1973 entered into a 10-year lease for the occupancy of certain premises in Jackson Heights as a betting parlor. Local opposition sprang up against the opening of the parlor, and in July, 1974, a proceeding was brought against OTB and the other appellants herein under CPLR article 78 for an injunction against the use of the premises for the purpose intended. That proceeding, by stipulation dated in August, 1974, was discontinued "without prejudice to either side upon the understanding that respondent New York City Off-Track Betting Corpora-tion does not intend to and will not open a branch office at 75-41 31st Avenue, Jackson Heights, Queens, New York." The stipulation was con-firmed by a letter from OTB's general counsel, reading in part that "OTB does not intend to and will not open a branch office at 75-41 31st Avenue, Jackson Heights." Within four or five months of the stipulation OTB ignored it and began preparations to open an office at the address stated. The present proceeding was then commenced to enforce the stipulation. OTB opposed the enforcement of the stipulation on the principal grounds that the stipulation is not a bar to the right of OTB to open the parlor, because it was without prejudice to either party; that the worsening finan-cial plight of New York City requires new revenues, so that in equity the stipulation should not be enforced; and that OTB's general counsel was without authority to bind it. Special Term granted the petition to enforce

the stipulation. Two issues arise in this appeal—one procedural, the other substantive. The procedural issue is whether a plenary action must be instituted by petitioners to enforce the stipulation. The substantive issue is whether the terms of the stipulation reading "without prejudice" are enforceable. I see no difficulty in answering the procedural issue, but whether the disposition which is suggested should be followed depends, in my view, on the answer to the substantive question. I discuss first the procedural issue. The language of the stipulation reads in terms of a compromise of the rights of the parties. The proceeding is discontinued and OTB agrees not to open an office in Jackson Heights. The general rule is that a plenary action to enforce a settlement of a litigation must be brought if the litigation has been terminated; if the litigation remains viable, the stipulation may be enforced in the litigation itself *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 445–446; *Horodeckyi v Horodniak,* 9 AD2d 732).* The effect of the general rule has been largely dissipated, however, by CPLR 103 (subd [c]), which directs that, whenever the court has obtained jurisdiction over the parties, no proceeding shall be dismissed solely because it was not brought in the proper form. Here, the court has jurisdiction over the parties; the appellants are the same as in the prior litigation in which the stipulation was made and the petitioners Bacchia and Greenberg were petitioners in the prior proceeding. The proceeding should therefore be transformed into an action, the petition treated as a complaint, and the pleadings of appellants treated as answers. This procedure follows the practice in other cases (cf. *Matter of Figari v New York Tel. Co.,* 32 AD2d 434, 441; *Matter of Corbeau Constr. Corp. v Board of Educ., Union Free School Dist. No. 9,* 32 AD2d 958; *Matter of County of Rensselaer v Capital Dist. Transp. Auth.,* 42 AD2d 445; *Verbanic v Nyquist,* 41 AD2d 466). As I see it, there is no reason to impose the burden of instituting another action on petitioners when precisely the same parties and the same issues are before us here. Nonetheless, nothing would be gained in transforming the proceeding into an action, unless the stipulation is susceptible of enforcement. I think that it is. The stipulation clearly does two things: (1) the proceeding is discontinued without prejudice to either party and (2) OTB agrees that it does not intend to and will not in the future open a branch at the address stated. Appellants construe the first branch as if it cancelled the effect of the second branch. It is true that the words "without prejudice" usually are interpreted to mean that the acts described in a stipulation have no influence on the rights of the parties—that is, that the position of the parties remains unimpaired by the stipulation (see *Svenska Taendsticks Fabrik Aktiebolaget v Bankers Trust Co. of N. Y.* , 268 NY 73, 81; cf. *Buchholz-Hill Transp. Co. v Baxter,* 206 NY 173, 177). But the use of the phrase, like other legal phrases, under the modern view, does not exert a magical spell, overcoming all else, when the circumstances point to another conclusion. The phrase takes color and meaning from the language of the stipulation and can be circumscribed by the conditions annexed *(Matter of McFerran v Board of Educ., Colonie Cent. Schools,* 21 AD2d 944, affd 15 NY2d 630; *Fiumara v American Sur. Co. of N.Y.,* 346 Pa 584; *Kelly-Springfield Tire Co. v Harrity,* 242 Mich 515; cf. *Newton v Wade,* 239 App Div 742, affd 264 NY 632. In the prior litigation the claim was made against OTB that it could not maintain a branch at the location in Queens because of zoning restrictions and parking limitations. The words "without prejudice to either side" used in the stipulation of compromise clearly meant that OTB was not yielding its position that it was not subject to such restrictions in the operation of its activities and that petitioners were not surrendering

their claim that OTB was subject to those restrictions. The remainder of the stipulation, to the effect that OTB would not operate a branch at the location was nevertheless binding. Otherwise, there would have been no need to include the agreement relative to the site in the stipulation. The effect of the stipulation, therefore, was that the particular site was not to be used or occupied by OTB for the operation of its business, keeping open the basic issue whether zoning and parking provisions restricted OTB. Parties to a litigation are free to chart their own course (*Cullen v Naples,* 31 NY2d 818, 820; *Schoenfeld v Atomic Prods. Corp.,* 35 NY2d 880, revg on dissent at 43 AD2d 747); we should not ascribe to parties an intention in making agreements to do useless acts or to behave deviously. It is apparent that both sides considered that the litigation should be ended, so far as the occupation of the site for the purposes of OTB was concerned, on the agreement of OTB that the site would not be used by it. Moreover, settlements of litigation are favored, and the courts will enforce their terms to the fullest extent intended by the parties (*Myers v Bernard,* 38 AD2d 619). Repudiation of the agreement within four or five months of its making hardly becomes the governmental bodies involved. Certainly, the reasons for avoiding the agreement are unsubstantial. The financial condition of the City of New York could not have changed radically in the short length of time between agreement and repudiation; it is doubtful whether any such circumstances would permit the stipulation to be overturned after reliance on its terms by the other parties (cf. *Mutual Life Ins. Co. of N. Y. v O'Donnell,* 146 NY 275; *Deen v Milne,* 113 NY 303, 307–308; *Zwecker v Levine,* 135 App Div 432; *Clark v Delaware & Hudson R. R. Corp.,* 245 App Div 447). Nor does the attack by appellants on the power of counsel to enter into the stipulation have validity. No contention is made that counsel acted without the knowledge of OTB; indeed, it is implicit in the argument that counsel acted with the approval of appellants in settling the prior litigation. (The stipulation itself was made by the Corporation Counsel of the City of New York; it was confirmed by letter of OTB's counsel.) Instead, appellants argue that an attorney for a governmental unit cannot stipulate to something prohibited by law (cf. *Matter of Andgar Assoc. v Board of Zoning Appeals of Inc. Vil. of Port Washington North,* 30 AD2d 672, mot for lv to app den 22 NY2d 648; *City of Oswego v Montcalm Dock Co.,* 245 App Div 555). However, what was done by counsel here violated no law. Whether OTB operated at the location referred to in the stipulation, or elsewhere, was a matter wholly confided to OTB by statute. OTB could choose to run its business at the places which it believed to be in its best interests. Hence, to agree not to use the location was as fully within the statute as the initial decision to use it. The stipulation was therefore binding and enforceable. The proceeding should therefore be transformed under CPLR 103 (subd [c]) into a plenary action, and the order affirmed.