■ WILLIAM KREMENS, Respondent, v JACK MINC, Appellant, et al., Defendant.—In an action *inter alia* to compel defendant Jack Minc to execute a mortgage pursuant to a certain written agreement dated October

4, 1972, said defendant appeals from a judgment of the Supreme Court, Suffolk County, entered March 1, 1976, which, after a jury trial, *inter alia,* directed him to execute the said mortgage. Judgment affirmed, with costs. At the insistence of the appellant, and although the plaintiff questioned the propriety thereof, both the legal and equitable claims in this action were submitted to the jury. Having obtained the acquiescence of the court in this procedure, the appellant is not now in a position to contend that the equitable issues should have been decided by the court. He is bound by the resultant judgment, regardless of the contrary provisions of the CPLR (see *Matter of Malloy,* 278 NY 429; *Stevenson v News Syndicate Co.,* 302 NY 81; *Matter of Powley v Dorland Bldg. Co.,* 281 NY 423). More recently the Court of Appeals, in *Schoenfeld v Atomic Prods. Corp.* (35 NY2d 880, revg 43 AD2d 747 on the dissenting memorandum), held that when the parties have stipulated that both legal and equitable claims should go to the jury, the trial court should recognize their right to chart their own course and should submit all of the issues to the jury. In *Cullen v Naples* (31 NY2d 818) the court took a similar approach, even though there was no express stipulation. There, silent acceptance of a particular course of conduct was sufficient to demonstrate acquiescence which was tantamount to a more formal stipulation and accompanying court order. The "Memorandum of Agreement" dated October 4, 1972 is legally enforceable. At oral argument of this appeal, it was stipulated that plaintiff's counsel had authority to act as plaintiff's agent in entering into the agreement, thus eliminating the Statute of Frauds as an issue. Its terms are unambiguous. The record supports the verdict in favor of plaintiff and the judgment entered thereon directing appellant to perform according to the terms of the agreement and, since the parties purposely submitted that claim to the jury, they must be bound by the verdict. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.