■ MILLER MANUFACTURING COMPANY, INC., Respondent, v NORMAN ZEILER, Appellant.—Order, Supreme Court, New York County, entered May 11, 1977, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 5), unanimously reversed, on the law, and the motion granted, with $60 costs and disbursements payable to appellant by respondent. It is undisputed that in this action plaintiff realleges claims similar to those previously brought against defendant by plaintiff's assignor Main Street Fashions, Inc. Plaintiff's complaint is barred by the rule of "former adjudication" which embraces the component doctrines of res judicata, collateral estoppel and the law of the case (see Hinchey v Sellers, 7 NY2d 287; Schuylkill Fuel Corp. v Neiberg Realty Corp., 250 NY 304, 306; 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5011.08, 5011.09). The mere fact that the prior determination dismissing the complaint of plaintiff's assignor, Main Street Fashions, Inc. (Main St. Fashions v Zeiler, Supreme Ct, New York County, July 24, 1975, Sanders, J., affd 52 AD2d 778, mot for lv to app den 39 NY2d 711), was "without prejudice to plaintiff's proceeding as he may be advised", does not alter the adjudicative effect of that determination (see Newton v Wade, 239 App Div 742, affd 264 NY 632; Matter of McFerran v Board of Educ., 21 AD2d 944, affd 15 NY2d 630; Restatement, Judgments, ch 3, § 49). Contrary to Special Term's conclusion, the record clearly demonstrates that the issues now sought to be litigated in this action were embraced and passed upon in the prior action brought by Main St. Fashions v Zeiler. Concur—Murphy, P. J., Lupiano, Evans and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MALDONADO, Appellant.—Judgment of conviction, Supreme Court, Bronx County, rendered March 10, 1976, unanimously reversed, on the law, and the indictment dismissed. The information relied on by the police to justify the arrest and search of defendant-appellant was derived from observation by a police officer through binoculars at 9:30 P.M. after dark, of activity on the side of a car opposite that faced by the observer, at a distance said to have been 500 feet, of the passage of pieces of tinfoil from the driver to defendant in return for pieces of green paper. The suppression court, expressing doubt as to the possibility of such observation, took a view himself in an endeavor to reconstruct the scene testified to. Assuming the observation to have been as testified, it did not justify the arrest. The standards laid down in People v LeBron (48 AD2d 800) and People v Corrado (22 NY2d 308) have not been met. Speaking of police knowledge as a basis for transmuting suspicion into probable cause, the Corrado court observed (p 313): "This knowledge, it is claimed, justified the officer in drawing the inference that appellants probably had contraband in their possession. The argument is defective because the envelopes could have contained any number of noncontraband items. This is in sharp contrast to the translucent glassine envelope which has come to be accepted as the telltale sign of heroin. Still, even in the case of the glassine envelope it has never been held that the mere passing of such an envelope establishes probable cause. We conclude, therefore, that the testimony concerning the use of these common envelopes for marijuana does not raise the level of inference from suspicion to probable cause." We know of no case in which it has been held that tinfoil packages are "accepted as the telltale sign of" contraband. There is, therefore, no basis here for the inference that the observed traffic in tinfoil—assuming that it was indeed observed—amounted to traffic in the forbidden substance. Concur—Kupferman, J. P., Evans, Capozzoli and Markewich, JJ.