■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ABDELAH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 21, 1972, convicting him of criminal possession of a dangerous drug in the fourth degree, upon a guilty plea, and imposing sentence. Case remanded to the Criminal Term for a further hearing and a new determination, in accordance with the views herein set forth. In the interim, appeal held in abeyance. A police officer, the only witness to testify at the suppression hearing, testified that at some unspecified time of day he observed defendant in conversation with two other males. The men stopped about 10 feet from the witness and his fellow officer. Defendant took a manila envelope from his pocket, removed a small tin foil packet therefrom and handed it to his companion. As defendant was receiving money from his companion the officers approached and identified themselves. Defendant thereupon dropped the manila envelope to the ground. It was retrieved by the witness, who looked inside the envelope, observed nine more tin foil packets therein and placed defendant under arrest. Laboratory tests indicated that the

packets contained heroin. This evidence, even when viewed most favorably to the People, does not provide a factual basis for a holding that defendant had abandoned the manila envelope (cf. *People* v. *Anderson,* 24 N Y 2d 12; *People* v. *Baldwin,* 25 N Y 2d 66, 70). The officer's observations, standing alone, did not furnish probable cause for an arrest (see *People* v. *Corrado,* 22 N Y 2d 308). However, there were indications at the hearing that, based upon prior observations made of defendant, the officer had reason to believe that defendant was a seller of narcotics. Those indications, together with the witness' observation of the apparent sale of a tin foil packet, may well have furnished a valid basis for the arrest (see *People* v. *Meyers,* 38 A D 2d 484). Accordingly, the case should be remanded to the Criminal Term to permit the taking of additional testimony as to the probable cause for the arrest and, at the conclusion of such reopened hearing, the Criminal Term should make specific findings of fact and conclusions of law (see *People* v. *Landy,* 38 A D 2d 962; *People* v. *Lombardi,* 18 A D 2d 177). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.