Frederic S. Berman, J.
Defendant’s motion to suppress presents a matter of first impression. The issue, which has never been decided by a New York court, is whether, on observation alone, absent other incriminating circumstances, a police officer would have probable cause to seize tinfoil packages lying on the floor of a car on the basis that they might contain heroin.
The defendant was arrested on January 9, 1975, and charged with criminal possession of a controlled substance (Penal Law, § 220.09) as a felony. The arrest was effected by an anti-crime police officer while on duty at about 1:30 a.m. The officer and his partner noticed the defendant entering his automobile; at that time they observed that he possibly fit the description of a robbery suspect. The officers followed the defendant in their vehicle. When the defendant stopped his automobile, the officers approached and asked the defendant his name and to produce his license. The defendant failed to produce the license but gave the officer the vehicle registration. The officer noticed that the name on the registration was different from that of the defendant.
Thereupon the officer then asked the defendant to get out of the automobile so that the officer could check the vehicle identification number on the door frame. While checking the number, the officer contends he observed, in plain view, two tinfoil packages on the front floor of the vehicle near the driver’s side. Defendant maintains that the officer searched the car for about five minutes before finding the tinfoil packages.
Each of the two packages were found to contain smaller packets, also wrapped in tinfoil, each measuring approximately 1 inch by Vi inch. One package contained 10 of the smaller packets and the other contained 8 of the smaller packets. The officer opened both the packages and the packets and found what he believed to be heroin. He then placed the defendant under arrest. At no time did the officer ever question the defendant about any robbery; nor was the defendant charged with a Vehicle and Traffic Law violation.
After a preliminary hearing, the charge was reduced to section 220.03 of the Penal Law, when the police laboratory report revealed the defendant did not possess a sufficient amount of heroin to warrant a felony prosecution.
In considering the major question before the court, it should be noted that the courts of this State have arrived at contrast *755 ing conclusions, depending on whether the seizure has been of either glassine or manila envelopes. This court is now required to pass judgment on the situation where tinfoil packages contain the alleged contraband.
In People v Cox (28 NY2d 752), the Court of Appeals upheld on the basis of "visibility” the seizure of glassine envelopes found on the rear floor of a vehicle stopped for a license and registration check. In that case the driver of the car could not produce his license or registration, and the officer ordered the occupants out of the car. Thereupon, he observed the glassine envelopes, picked them up, and noticed that they were filled with a white substance.
A similar seizure was upheld in People v Rowell (27 NY2d 691). Here the police officer observed that the driver of an auto was very young and decided to conduct a "routine check”. The driver got out and walked to the officer’s car after being stopped. The defendant started to show the officer his registration. At that time, the other occupant of the car started to get out. The officer’s partner then noticed glassine envelopes on the floor of the car. The officer examined the envelopes, observed the contents, which were visible to him, and made the arrest.
In relying on these cases, the People contend that the tinfoil packages in the case at bar should be treated similarly to glassine envelopes with respect to the legality of the search and seizure.
The defendant herein, on the other hand, relies on the case of People v Corrado (22 NY2d 308). There the Court of Appeals, in dismissing the People’s argument, found that the observation by the arresting officer of a manila envelope being passed back and forth in an automobile did not give rise to support probable cause. In that decision the court stated (p 313): "The argument is defective because the envelopes could have contained any number of noncontraband items. This is in sharp contrast to the translucent glassine envelope which has come to be accepted as the telltale sign of heroin. Still, even in the case of the glassine envelope it has never been held that the mere passing of such an envelope establishes probable cause.”
In Corrado, the People’s case would appear to be even stronger than in the instant case before the court. Here the defendant had the packages seized because the officer thought they might contain heroin. There are no other facts, such as *756 an exchange of envelopes, to support the seizure of the packages besides the officer’s sighting them on the floor.
In another case where the facts are more favorable to the People than in the instant case, People v Scalegnio (14 NY2d 744), the officer observed an "exchange of hands” between the defendant and a known narcotics dealer. There the defendant was stopped as he went through a stop sign. The defendant could not produce his license and registration and was asked to get out of the vehicle. At that time the officer observed a brown envelope on the floor of the vehicle. He arrested the defendant and seized the envelope, which was found to contain marijuana. The Court of Appeals, in reversing the Appellate Term of the Supreme Court, supported the finding of the trial court to grant the motion to suppress on the grounds that the envelope could have contained many materials other than marijuana.
It would appear that there are but two tinfoil cases reported in the State of New York, People v Abdelah (41 AD2d 667), and People v Padilla (NYLJ, Jan. 26, 1973, p 2, col 4), neither of which is germane to the issue before this court.
In Abdelah, the court remanded the case so that additional testimony could be taken on the issue of probable cause.
In Padilla, the defendant was found at a site of a reported assault. A weapon was subsequently found at the defendant’s feet. Pursuant to a "stop-and-frisk” the officer removed a tinfoil packet that was believed to be a knife or razor blade. The packet was 3 inches by 4 inches and 1 inch wide. The court found that the packet was improperly opened and the evidence was suppressed.[1]
In reaching its decision the court must weigh the testimony to determine whether probable cause has been shown to support the seizure. Good faith or suspicion is not enough (Henry v United States, 361 US 98).
The defense urges that since the packages were opaque and visibility was lacking, the evidence must be suppressed.
The People, in opposing the "visibility” factor, seek to have the court conclude that the packages could not have contained anything other than heroin or some other contraband.
*757 The court rejects that assumption. Rather, it finds that the packages could have contained material other than the contraband found. For the court to bridge the gap of "mere suspicion” created by the finding of the packages and convert it to "probable cause” is not warranted. Such a result would not only "leap the track of rationality” but also would be contrary to the general principles that other courts have enunciated in disposing of similar cases.
This court finds that the key factor herein is the element of "visibility.” Since the packages were opaque, their contents were unknown and were speculative at most. Therefore, the mere observation by an officer of tinfoil packages on the floor of a car, absent other incriminating facts or circumstances, fails to establish the probable cause required for the seizure of the packages.
The rights of the defendant against unreasonable search and seizure have been violated. The motion to suppress must be granted, and the complaint dismissed.

. See, also, United States v Del Toro (464 F2d 520), where a packet seized was a 10 dollar bill folded 2 inches by % inch.
It must be noted, however, that both Padilla and Del Toro are "stop-and-frisk” cases and therefore can be distinguished from the present case before the court.