■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LE-BRON, Appellant.—Judgment of conviction by plea of guilty to attempted possession of a dangerous drug, Supreme Court, New York County, rendered February 28, 1974, unanimously reversed, on the law, the motion to suppress evidence granted, and the indictment dismissed. A police officer, aided by binoculars, observed defendant-appellant at a distance of about 200 feet handing money to an unknown person from whom he received a small manila envelope. Defendant left the scene in a car driven by another, followed by the officer in a police car. Defendant's car was stopped by the police and the occupants ordered out. The officer questioned defendant concerning what he had observed; defendant denied having had the transaction above described. The officer did not indicate that he had any reason to

suspect that defendant carried a weapon or that he was in any danger. The officer then searched defendant, finding on his person a hypodermic needle and some empty glassine envelopes. It is argued that these circumstances, when considered in the light of the officer's experience with the narcotics traffic, added up to probable cause to make the search. However, to the opposite effect, see *People v Oden* (36 NY2d 382), wherein it was held that telescopic police observation in a "known narcotics location" of receipt of a small glassine envelope was insufficient to justify search of the person of the recipient. We do not find this summation of circumstances sufficient even to justify the stopping of the automobile. The motion to suppress the evidence should have been granted, and, the remaining evidence being insufficient to sustain any charge against defendant, the indictment should be dismissed. Concur—Markewich, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.