■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRUNSON, Appellant.—Judgment, Supreme Court, New York County, rendered July 19, 1977, convicting defendant of criminal possession of a weapon in the third and fourth degrees, and sentencing him to concurrent prison terms of 0 to 4 years and 1 year respectively, unanimously reversed, on the law, the motion to suppress evidence granted, and the indictment dismissed. A police officer, stationed on the roof of a five-story tenement building, with the aid of binoculars, observed two unknown males exchange money for a brown paper bag. The brown paper bag was then passed along to another unknown male who was seated in a "1972 gold oldsmobile." The officer on the roof by walkie-talkie informed the members of his back-up team of what he had observed and directed them to "apprehend" the "1972 gold oldsmobile". The back-up unit overtook defendant's automobile and signaled defendant to pull over to the curb. Defendant immediately obeyed the officer's order. There is no claim that defendant attempted to dispose of any contraband or that defendant engaged in any furtive movements. Defendant was surrounded by four police officers and was standing at the rear of his vehicle when one of the officers saw a tinfoil packet lying on the floor of the vehicle partially under the front seat. The officer picked up the tinfoil, opened it, observed a white powder in it, and told one of his fellow officers to put the handcuffs on the defendant. The officers then searched the vehicle finding lactose, parenthetically not a controlled substance, in the brown bag

on the seat; a .38 revolver with six additional shells in the glove compartment and a sawed-off shotgun in the trunk; a tinfoil packet and a plastic bag, both containing a white powder, were found on defendant's person. This case is indistinguishable from *People v Lebron* (48 AD2d 800). That Sekula observed two transactions is irrelevant since defendant participated only in one which differed from the other transaction. As in *Lebron,* the brown paper bag was not an indication of a narcotics transaction. Indeed, it proved to contain a perfectly legal substance. There was no probable cause to stop the Oldsmobile. The motion to suppress should have been granted and, there being no remaining evidence against defendant, the indictment should be dismissed. Concur—Evans, J. P., Fein, Lane and Lynch, JJ.; Sandler, J., concurs in the following memorandum: On July 13, 1976, a police narcotics team arrived in the area of 108th Street and Third Avenue. One member of the group, equipped with binoculars and a radio transmitter, went to a location from which, without fear of himself being seen, he could observe possible narcotics activity. The other members of the group, the "back-up team," located themselves so that they could respond promptly to information received from the observing police officer. According to a member of the back-up team, the only witness to testify at the suppression hearing, the observing officer radioed to them shortly before 2:30 P.M. that he had observed a male give a tinfoil package in exchange for money to someone who had gone into a building in which there was a known "shooting gallery." From this event, the police could surely have formed a reasonable suspicion that a narcotics transaction had taken place. Nor would it have been a wild surmise on their part that the individual who had given a tinfoil packet for money was in fact in the business of selling drugs and that anyone to whom he gave a package for money, whatever form the package took, might possibly be in possession of a narcotic drug. When the defendant was observed at 2:30 P.M. on that date receiving from the same individual a brown paper bag in exchange for a number of bills and thereafter placing that bag in a car and proceeding to drive off, the police surely had a basis for an investigative stop. (See CPL 140.50.) The contrary conclusion in the opinion of the court seems to me a palpable error. *People v Lebron* (48 AD2d 800), the stated basis for the conclusion in the court's opinion, is clearly inapposite. *Lebron* involved the stopping of a vehicle after an observation that the defendant had received a small manila envelope from another in exchange for money. No antecedent transaction of the kind that occurred here was present in *Lebron.* The further suggestion in the opinion of the court that the police could not reasonably act upon an evaluation of the entire situation, and were required to treat the two transactions as though they were wholly unconnected, does not seem to me consistent with ordinary human experience. The second question presented, a closer one, is whether the halting of the vehicle driven by the defendant was pursuant to an investigative stop or whether the very stopping of the car amounted to an unjustified arrest. Notwithstanding the ambiguous nature of the direction by the observing officer to "apprehend the vehicle" the facts disclosed police actions completely consistent with an appropriate investigative stop. The defendant was signaled to pull over which he did. His car was in no way headed off or physically constrained. No guns were displayed by any of the police officers. And when the testifying witness emerged from the police car, the defendant was observed talking to the first police officer to reach his vehicle. In short, I find no factual basis in the record for a conclusion that the very stopping of the car amounted to an arrest. The remaining question is whether the observation on the floor of

the car near the driver's seat of a tinfoil packet, taken together with the other circumstances described, provided a sufficient basis to believe the package contained contraband to justify a warrantless search of it. (See *Carroll v United States,* 267 US 132; *Chambers v Maroney,* 399 US 42; *People v Singleteary,* 35 NY2d 528.) Although the question seems to me a close one, I have concluded that the evidence does not establish an adequate basis for the seizure of that packet and its examination, and that, accordingly, the contraband discovered then and thereafter in the car and on the person of the defendant should have been suppressed. (See *People v McIver,* 59 AD2d 688; *People v Maldonado,* 59 AD2d 692; *People v Abdelah,* 41 AD2d 667.) For that reason, and for that reason only, I am in agreement with the result here reached.