■ In the Matter of DONALD S. MILES, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent.—Judgment (denominated as an order), Supreme Court, New York County, entered June 25, 1974, dismissing the petition, unanimously affirmed. Respondent shall recover of the appellant $60 costs and disbursements of this appeal. There is sufficient in the record justifying respondent's denial of petitioner's application to reinstate his pistol license. As stated by Special Term: "Upon a review of the transcript of the specified hearing, the Court finds the respondent's denial of petitioner's application for a renewal of his pistol license was neither arbitrary nor capricious, nor an abuse of discretion. The curious and suspicious behavior of the petitioner, in conjunction with the unusual circumstances surrounding his arrest, constitutes an adequate foundation for the respondent's determination". Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO DIAZ, Appellant.—Judgment, Supreme Court, New York County, entered June 7, 1974, of conviction, upon a jury verdict, of criminal possession of a dangerous drug (fourth degree), unanimously reversed, on the law, the motion to suppress evidence granted, and the indictment dismissed. Police officers in an unmarked police automobile stopped for a red light on the lower east side of Manhattan, when they saw the defendant's car parked at a corner with the defendant in the driver's seat and his codefendant alongside, and with an unknown male and female standing by the vehicle. They observed the unknown male counting out some currency and handing it to the defendant driver, and he handed something back to the man, but the policemen could not see what it was. The unknown couple then walked away, and the defendant drove his car off followed by the police. At the next light, several of the policemen exited their car, identified themselves to the defendant as police officers and ordered the defendant out of his car. He was seen surreptitiously to hand a clear plastic bag to the codefendant. The codefendant was then arrested, and the plastic bag which contained glassine envelopes filled with heroin was seized. While there was some testimony that one of the policemen knew the unknown male as a local junkie, and the unknown female as a prostitute, the policeman to whom this knowledge was attributed did not testify at the suppression hearing, and when he testified at the trial, this aspect was not mentioned. Under all of the circumstances, there was insufficient basis to justify the stopping of the automobile, and the motion to suppress the evidence should have been granted. As the remaining evidence was insufficient to sustain any charge against the defendant, the indictment should be dismissed. *(People v Cantor,* 36 NY2d 106; *People v Lebron,* 48 AD2d 800.) Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.