■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIO CRUZ, Appellant.—Judgment, Supreme Court, New York County, rendered November 5, 1975, convicting the defendant upon his plea of guilty of the crime of attempt to commit the crime of criminal possession of a controlled substance in the sixth degree, after a hearing denying a motion to suppress physical evidence, reversed, on the law, the motion to suppress granted, and the indictment dismissed. On January 22, 1974, at about 3:00 P.M., the defendant was standing in the company of another unidentified person on the corner of Fifth Avenue and 116th Street. Two police officers, who happened by on radio motor patrol, noticed the unidentified person handing money to the defendant. When they saw the police approaching, the two men under observation allegedly jerked their hands back. When the police car came alongside the two men, one of the officers from the car asked defendant to show him what he had in his hands. Defendant put his hands out and revealed that in one hand he had nothing and in the other he had a soda bottle. The officer told the defendant to remove the soda bottle from his hand, which defendant did, revealing some glassine envelopes of heroin. A subsequent frisk of the defendant uncovered more glassine envelopes. Prior to trial, the defendant made a motion to suppress the glassine envelopes, which was denied. We would grant the motion to suppress. The sole basis for the officers' stopping of the defendant was their observation of money being given to the defendant. Mere observation of money passing hands is inadequate to justify police interference (People v Branch, 54 AD2d 90, 92; People v Diaz, 50 AD2d 526), since that act is as susceptible of innocent interpretation as it is of criminal interpretation (People v Davis, 36 NY2d 280, 282). Even were we to assume that the jerking back of the hands of the two men under observation was an articulable reason to justify police action (People v De Bour, 40 NY2d 210, 213), the facts of this case do not justify "the extent of official intrusion on the individual" involved (People v Stewart, 41 NY2d 65, 66). We accordingly conclude that the motion to suppress should have been granted and the indictment dismissed. Concur—Murphy, J. P., Silverman and Lane, JJ.; Lupiano, J., dissents in part in the following memorandum: Lupiano, J. (dissenting in part). Testimony elicited at the hearing held on defendant's motion to suppress discloses the following: At about 3:00 P.M. on January 22, 1974, Police Officer Negron, while driving a marked police vehicle in a westerly direction on 116th Street, noticed an exchange of money between defendant and another on the southeast corner of the intersection of Fifth Avenue and 116th Street, Manhattan. Officer Centrone was an occupant of the police car. As Officer Negron started to proceed diagonally into the opposite lane at a slow rate of speed, which direction would have brought the vehicle in close proximity to defendant, Negron observed the defendant looking in his direction with the consequence that the defendant and his companion both "jerked back their hands." Neither the siren nor the warning light device on the patrol car was put in operation. Officer Negron further testified that he does not stop and conduct an investigation whenever he sees an exchange of money, but that in this case he went over to conduct an investigation because of "The way [defendant and his companion] had jerked their hands back as soon as they saw [the police]." Negron pulled alongside and while sitting in the car limited his investigation to asking the defendant what he had in his hand. "He showed me one hand empty and then in the other hand [the left hand] he had a soda bottle * * * I told him to remove the soda bottle from his left hand. As he did that he had a package of glassine envelopes [15 envelopes] in [the palm of] his hand." Officer Negron took the glassine envelopes which

in his opinion, based upon his prior training and experience, contained heroin. At this time, he observed his fellow officer approach the defendant. Upon reaching the defendant, Officer Centrone began frisking him. Centrone testified that he was unaware of what was transpiring or had transpired between Officer Negron and defendant, but that he (Centrone), after observing that one of defendant's arms was held rigidly at his side, without preliminary inquiry, pulled the arm up and noticed a bulge in defendant's pocket. Officer Centrone then placed his hand in the pocket and removed a package which was later found to contain numerous glassine envelopes. Defendant was placed under arrest. In view of the aforesaid, it is clear that the evidence, consisting of the glassine envelopes which were contained in the package seized by Officer Centrone as a result of his frisk of the defendant, should have been suppressed. Officer Centrone's investigation was conducted independently of Officer Negron's and was not based on the defendant's response to the latter's inquiry. Under these circumstances, the frisk by Officer Centrone was precipitate and unwarranted. However, the independent inquiry conducted by Officer Negron, which was *immediately* initiated upon the police vehicle pulling alongside defendant and his companion, rests on an articulable reason to justify a narrowly limited inquiry. Upon perceiving the marked patrol car, defendant and his companion "jerked back their hands", which furtive action as articulated by Officer Negron served as the basis for his investigation. We do not know and cannot speculate as to what circumstances would have eventuated had defendant and his companion not engaged in this furtive motion. It suffices to note that they did. Officer Negron, as a prudent police officer having noted this furtive conduct, limited his inquiry to the very nature of that conduct—he simply asked defendant what he had in his hand. This limited and reasonable *inquiry and defendant's response thereto were realized before the* precipitate frisk engaged in by Officer Centrone occurred, which frisk was conducted independently by Centrone without an awareness of what had actually transpired between defendant and Officer Negron in the interval while Centrone exited the police car and, after walking around same, approached defendant. The furtive movement engaged in under the circumstances herein clearly gives rise to a suspicion that criminality may be involved. Thus viewed, the initial stop by Officer Negron was lawful and comported with reasonable police conduct in the initiation of an inquiry limited to the contents of defendant's hands, because those hands had been "jerked back" upon defendant and his companion observing the cruising patrol car. It cannot be stressed enough that the furtive conduct delineated above resulted not from the stop, but prior thereto, keeping in mind that the officer had previously observed the exchange of money between defendant and his companion. It serves as an articulable reason to justify the police action engaged in by Officer Negron within the ambit of *People v De Bour* (40 NY2d 210, 213). Parenthetically, it is noted that we are not concerned here with the stringent degree of belief which inheres in probable cause, but with the less stringent justification to stop and inquire. "Before the police may stop a person pursuant to the common-law right to inquire there must exist at that moment a [reasonable] suspicion that criminal activity is present" *(People v De Bour, 40 NY2d 210, 215).* This requirement was fulfilled in the instant matter. However, it may well be that in view of the partial success of his motion to suppress, defendant may desire to withdraw his guilty plea. Accordingly, the judgment of the Supreme Court, New York County, rendered November 5, 1975, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance

in the sixth degree, after a hearing denying a motion to suppress physical evidence, should be reversed, on the law; the motion to suppress should be granted as to physical evidence obtained by virtue of the unlawful frisk and otherwise denied, and the matter remanded to Supreme Court for further proceedings.