■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC SIMMONS, Appellant.—Judgment of the Supreme Court, New York County, rendered June 16, 1975, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree and sentencing him to a term of imprisonment of one year to life, reversed, on the law, and the indictment dismissed. When the arresting officer in plain clothes was about to enter his unmarked car at 121st Street and Madison Avenue, defendant with a passenger drove alongside the police officer's car and stopped. The arresting officer testified that at that moment he had "eye contact" with defendant and his passenger. At that point, defendant floored the gas pedal, pulled away from the corner "leaving rubber", that is, the tires squealed. The police officers followed defendant to "see what is was all about", and within a few blocks drove alongside defendant's car, where the arresting officer identified himself and asked defendant to pull over, which occurred. The arresting officer, on emerging, asked defendant for his license and according to testimony, defendant put his hand in front pocket and threw on the ground two brown envelopes, making the statement, "So, I got a little pot, so what?" The police officer later searched defendant's car and discovered a bag filled with cocaine. An officer may approach a private citizen on the street in order to request information although there is no "concrete indication of criminality", so long as there is "some articulable reason sufficient to justify the police action which was undertaken" *(People v De Bour,* 40 NY2d 210, 213). The rule with respect to the stopping of a vehicle on the highway is not much different. "A single automobile traveling on a public highway may be stopped for a 'routine traffic check' when a police officer reasonably suspects a violation of the Vehicle and Traffic Law. Absent reasonable suspicion of a vehicle violation, a 'routine traffic check' to determine whether or not a vehicle is being operated in compliance with the Vehicle and Traffic Law is permissible only when conducted according to nonarbitrary, nondiscriminatory, uniform procedures for detecting violations. It should be emphasized that, in the context of a motor vehicle inspection 'stop', the degree of suspicion required to justify the stop is minimal. Nothing like probable cause as that term is used in the criminal law is required." *(People v Ingle,* 36 NY2d 413, 414-415.) We agree that erratic driving would provide a basis for stopping a vehicle, but here the only testimony concerning erratic driving was that the driver floored the gas pedal and the tires squealed— leaving burning rubber. Such, as argued by appellant, is hardly uncommon. And, the testimony concerning eye contact does not add much since the officer was in plain clothes and his vehicle was unmarked. Hence, unless there was something in that eye contact not disclosed in this record to somehow convey to the driver that the officer was an officer, the fast start cannot be considered as a suspicious act. Even if the fast start provided some suspicion (and it is submitted that in and of itself it did not), such suspicion was dissipated. The officers followed the vehicle for about two blocks at close range, and the arresting officer did not indicate that he then observed any erratic driving or any activity that aroused his suspicion. So all that remains is that defendant started his car quickly. It is submitted that in all the circumstances there was no basis for the stop and suppression should have been granted. *People v Diaz* (41 NY2d 876, revg 50 AD2d

526), relied upon in the dissent is inapposite. Although there was a similar episode between an unmarked police automobile and Diaz's car, the police officers at one point observed the passage of money to the driver of the automobile as a prelude to the transfer of a plastic bag to an occupant of Diaz's car, circumstances sufficiently suspicious to justify the stop of the car by the police. Concur—Birns, Silverman and Lane, JJ.; Kupferman, J. P., dissents in the following memorandum: I dissent and would affirm on the authority of *People v Diaz* (41 NY2d 876, revg 50 AD2d 526).