## State of Vermont v. Alain Thibault

[564 A.2d 603]

No. 88-514

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 30, 1989

*John Churchill*, Chittenden County Deputy State's Attorney, Burlington, and *Robert Katims*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Kurt M. Hughes* of *Wool & Murdoch*, Burlington, for Defendant-Appellant.

**Gibson, J.** After a trial by court, defendant appeals from a conviction of violating 23 V.S.A. § 1063, which states that "[n]o person shall move a vehicle which is stopped, standing or parked unless the movement can be made with reasonable safety." We affirm.

On June 5, 1988 at approximately 1:30 a.m., a Burlington police officer noticed defendant's automobile about one-quarter

---

of a mile in front of his cruiser. The officer observed the vehicle come to a stop at an intersection, back up, and then go forward again, spinning its tires as it proceeded. The officer stopped defendant and issued a uniform traffic ticket citation for "squealing tires in reverse."

Defendant's argument on appeal is that the statute in question addresses the time when a vehicle is to be moved, not the manner in which it is moved. The State responds that when a driver "squeals" or spins a vehicle's tires, the exact time that the car pulls away is randomly determined by when the tires "catch." According to the State, "reasonable safety can never occur under such circumstances." The officer testified at trial that he knew that the tires of defendant's car were spinning "[b]ecause we could hear it and we could see the car sliding a little bit and could hear the squealing and could actually see the smoke from it."

We disagree with defendant that 23 V.S.A. § 1063 necessarily governs only the time when a vehicle is set into motion from a dead stop. But, even if we were to adopt defendant's interpretation of the statute, the State's theory that the spinning of the tires made it unsafe to proceed while the tires were in spinning motion is sound and consistent with the language of the statute. As one court has stated in the context of a case involving violation of a statute barring exhibitions of speed:

> It is common knowledge that maximum control of a vehicle upon the highway is maintained through the retention of traction between tires and pavement and that, during any process of skidding of the wheels of a vehicle, there is a corresponding diminution of the driver's control over the vehicle.

*People v. Grier*, 226 Cal. App. 2d 360, 363, 38 Cal. Rptr. 11, 12 (1964). While § 1063 does not deal with motive for the unsafe conduct proscribed, as did the statute in *Grier*, reasonable safety is the common factor, and in the case at bar the trooper's testimony amply carried the State's burden of proof on that issue.

*Affirmed.*