2007 VT 71

**STATE of Vermont v. Kelly DAVIS**

[933 A.2d 224]

No. 06-058

¶ 1. July 25, 2007. The State appeals from a district court order suppressing all evidence gathered as a result of a traffic stop and dismissing the information for driving under the influence of intoxicating liquor (DUI), third offense. We affirm.

¶ 2. In January of 2005, the State charged defendant with DUI, third offense. 23 V.S.A. § 1201(a)(2). Defendant filed a motion to suppress and dismiss, averring that the stop was unlawful and

that she was refused permission to contact a lawyer while being questioned on the roadside.

¶ 3. At the hearing on the motions the arresting officer testified that at approximately 1:58 a.m. on December 25, 2004, the officer was on mobile patrol. He entered Interstate 89 at Exit 14 in South Burlington and, while traveling north, observed defendant's vehicle in front of him proceeding in the same direction. When he caught up to defendant's vehicle he observed the vehicle contact the center line and then glide onto the right-hand fog line on at least two occasions. The officer then activated his cruiser's mobile video-recording system to record defendant's vehicle. He then observed the vehicle move from the fog line to the center line additional times. The officer activated his blue lights, but defendant did not respond to the signal. He gave a couple blasts of the siren, but still, defendant did not stop. The officer then activated his siren and left it on, and defendant stopped her vehicle. Less than a minute passed from the time the officer attempted to stop the vehicle until it actually stopped. What happened after the officer stopped the vehicle is not relevant to this appeal, which focuses solely on whether the stop was justified.

¶ 4. After listening to the officer's testimony and watching the video recorded by the mobile video-recording system, the trial court concluded that the officer did not have a reasonable articulable suspicion that a crime was being committed to justify the stop. Therefore, it suppressed the evidence and dismissed the charges. The State appeals.

¶ 5. A motion to suppress presents a mixed question of law and fact. *State v. Simoneau*, 2003 VT 83, ¶ 14, 176 Vt. 15, 833 A.2d 1280. In reviewing a trial court's decision on a motion to suppress, the court's findings of fact must be upheld unless they are clearly erroneous. *Id.* "The question of whether the facts as found met the proper standard to justify the stop is one of law." *Id.*

¶ 6. The State contends that the trial court erred because it substituted its judgment for that of the police officer when it reviewed the video. The State bases this challenge on two sentences in the trial court's order. The court wrote that it could not "find any deviation of driving prior to the stop that would justify [reasonable] suspicion. The car does move laterally with[in] its lane but under expected circumstances under the conditions shown." Despite the court's mention of the officer's testimony at the hearing, the State contends that the court disregarded the officer's testimony, and based its order solely on the video.

¶ 7. "A police officer is authorized to make an investigatory stop based on a reasonable and articulable suspicion of criminal activity," *Simoneau*, 2003 VT 83, ¶ 14, or of a traffic violation. *State v. Theetge*, 171 Vt. 167, 170, 759 A.2d 496, 498 (2000). "The officer must have more than an unparticularized suspicion or hunch of criminal activity, but needs considerably less than proof of wrongdoing by a preponderance of the evidence." *Simoneau*, 2003 VT 83, ¶ 14; *State v. Kindle*, 170 Vt. 296, 298, 751 A.2d 757, 758 (2000). "In determining the legality of a stop, courts do not attempt to divine the arresting officer's actual subjective motivation for making the stop; rather, they consider from an objective standpoint whether, given all of the circumstances, the officer had a reasonable and articulable suspicion of wrongdoing." *State v. Lussier*, 171 Vt. 19, 23-24, 757 A.2d 1017, 1020 (2000). The totality-of-the-circumstances standard in reasonable suspicion determinations "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.' " *United States v. Arvizu*, 534 U.S. 266, 273 (2002)

(quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)).

¶ 8. We recently held that so-called "intra-lane weaving" may create a reasonable and articulable suspicion. *State v. Pratt*, 2007 VT 68, ¶ 9, 182 Vt. 165, 932 A.2d 1039. The facts in *Pratt* are remarkably similar, but there, the officer testified that "based on [his] training and experience," the totality of the circumstances led him to conclude that the defendant was likely driving while intoxicated and the trial court agreed. *Id.* ¶ 3. We affirmed the denial of the motion to suppress, but we declined to "announce a 'bright-line' rule that intra-lane weaving creates reasonable suspicion to stop in all cases." *Id.* ¶ 8. "Instead, we continue[d] to hold that reasonable suspicion must be based on the totality of the circumstances." *Id.* Making findings of fact remains the exclusive province of the trial court, and absent clear error, this Court will not reevaluate those facts for itself.

¶ 9. In this case, the officer testified to his observations, but he never stated why those observations led him to a reasonable and articulable suspicion that a crime was being committed. The officer testified that he encountered defendant at approximately two o'clock on Christmas morning. He described her vehicle touching the center line and gliding onto the fog line at least twice before he turned on his mobile video recorder, and then continuing this pattern at least two more times after he began to record. However, beyond this brief description of defendant's driving, the officer never testified that the intra-lane weaving supported a suspicion that defendant might be driving while under the influence. Additionally, the officer never testified that in his opinion, and based on his training and experience, when defendant touched the fog line, she committed a traffic violation sufficient to justify the stop. See *Lussier*, 171 Vt. at 34, 757 A.2d at 1027 ("[P]olice may stop a vehicle and briefly detain its occupants to investigate a reasonable and articulable suspicion that a motor vehicle violation is taking place."). The trial court did not abuse its factfinding authority when it weighed the officer's testimony against the video of the stop. In finding that the evidence before it did not justify the stop, it committed no error.

*Affirmed.*