*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-069

NOVEMBER TERM, 2011

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| v. | } Superior Court, Orange Unit, |
| | } Criminal Division |
| | } |
| Douglas Bedell | } DOCKET NO. 175-4-10 Oecr |
| | |
| | Trial Judge: Harold E. Eaton, Jr. |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conditional guilty plea to driving under the influence (DUI), second offense. He argues that the court erred in denying his motion to suppress. We affirm.

Defendant was charged with DUI in April 2010. He moved to suppress the evidence against him. Following a hearing, the court denied the motion. It made the following findings on the record. Shortly before midnight on the date in question, the arresting officer was traveling southbound on Route 110. He observed a vehicle heading northbound, and noticed that the vehicle's tires appeared to be on or very near the centerline of the roadway. The officer turned around and followed the vehicle. The officer testified that while he was following the vehicle, he observed the vehicle's tires cross the centerline of the roadway, which he considered a violation of 23 V.S.A. § 1038. The officer stopped defendant, and defendant was subsequently processed for DUI.

The court found that the officer had a reasonable articulable suspicion that defendant had committed a traffic violation, which justified the stop. It explained that the question of whether defendant actually crossed the centerline was not determinative. Rather, the court need find only that the officer had a reasonable belief that a traffic violation occurred. In this case, the court found the officer's testimony that he observed defendant cross the centerline to be borne out by a video-recording of the stop. The court thus denied the motion to suppress. Defendant entered a conditional guilty plea, and this appeal followed.

Defendant appears to suggest that if he did cross the centerline, it was justifiable due to the road conditions and the officer approaching his car from the rear. Given this, he maintains that the officer was required to have a reasonable and articulable suspicion that he was driving under the influence to justify the traffic stop, and that the facts here were insufficient to meet this standard. Even if crossing the centerline was sufficient to justify the stop, defendant argues that reversal is required because the court did not find that he actually crossed the centerline.

On review of the court's decision, we accept the findings of fact unless clearly erroneous. State v. Simoneau, 2003 VT 83, ¶ 14, 176 Vt. 15. We review de novo whether the facts as found meet the proper legal standard. Id. We find no error here.

As the trial court explained, "[a]n investigatory stop is warranted when a police officer has a reasonable and articulable suspicion of illegal activity." State v. Rutter, 2011 VT 13, ¶ 8 (mem.). The officer needs "more than an unparticularized suspicion or hunch of criminal activity, but . . . considerably less than proof of wrongdoing by a preponderance of the evidence." Simoneau, 2003 VT 83, ¶ 14. It is well-established that "[r]easonable and articulable suspicions of motor-vehicle violations are sufficient to justify traffic stops." State v. Harris, 2009 VT 73, ¶ 3, 186 Vt. 225. Additionally, as the trial court found, when a defendant is stopped on suspicion of committing a motor vehicle violation, the court need not decide if the defendant actually violated the traffic ordinance at issue. Rutter, 2011 VT 13, ¶ 10; State v. Thompson, 175 Vt. 470, 471 (2002) (mem.). "The relevant question is whether the officer had a reasonable basis to suspect that a motor vehicle violation was taking place." Rutter, 2011 VT 13, ¶ 10.

The facts found here provide that basis. As recounted above, the officer testified that he observed defendant cross the centerline of the road. The court found that, based on this testimony and on its review of the video-recording of the officer's interaction with defendant, the officer reasonably believed that defendant violated 23 V.S.A. § 1038, which requires that a vehicle be driven, as nearly as practicable, entirely within a single lane. See also id. § 1031 (requiring that vehicle be driven upon the right half of the roadway, with exceptions not relevant here). Defendant's attempt to explain his behavior does not undermine the court's conclusion. The motion to suppress was properly denied.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice