*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-242

DECEMBER TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Caledonia Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Raphael Colucci | } DOCKET NO. 94-12-14 Cacs |

Trial Judge: Robert Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil suspension of his driver's license. Defendant argues that the court erred in denying his motion to suppress because the evidence does not support the court's findings and there was not reasonable suspicion to justify a stop. We affirm.

The following facts are undisputed. Defendant was driving on a public highway, and being followed by a state trooper. Based on the trooper's observations of defendant's driving, the trooper stopped defendant's vehicle. The trooper then noticed indicia of intoxication. Defendant was charged with driving while under the influence (DUI), and the State sought a civil suspension of his driver's license.

Defendant filed a motion to suppress, arguing that there was an insufficient basis for the officer to stop his car. The suppression hearing was combined for the criminal and civil proceedings. At the hearing, the arresting officer was not present, and the State proceeded on the trooper's affidavit of probable cause. The affidavit stated that the officer observed defendant's vehicle "cross the center line and then the fog line," in violation of 23 V.S.A. § 1038. For the purposes of the civil suspension, the parties stipulated to admission of the video from the trooper's cruiser camera.

In a written order, the court found that the trooper's affidavit was "unduly conclusory" with reference to defendant's operation having violated 23 V.S.A. § 1038(1) ("A vehicle shall only be driven, as nearly as practicable, entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety."). The court noted that the line crossed by defendant's vehicle was not the center line, but a left-hand turn lane. The court further concluded that simply crossing the fog line does not give rise to a violation of 23 V.S.A. § 1038, and rejected the State's argument that the stop was warranted on the basis of a reasonable suspicion of a violation of that statute.

Nonetheless, the court found that the video depicted erratic driving "irrespective of either or any statute under consideration." Specifically, the court found that defendant touched the fog line and then shifted to the left side of the land, "straddling both the left turn lane and the

through-lane markings, driving with his left tire on the right hand through-lane line for a number of seconds" and then touching the fog line again. The court apparently concluded that this erratic driving was sufficient to support a reasonable suspicion of driving while intoxicated. Accordingly, the court denied the motion to suppress for the purpose of the civil suspension proceeding, and entered judgment for the State in the civil-suspension proceeding.[*] Defendant appeals.

On appeal, defendant argues that the court's finding of erratic operation is not supported by the evidence. Defendant contends that the video evidence does not support the court's findings that defendant's vehicle touched the right-hand fog line on two occasions. According to defendant, the vehicle does not touch the fog line on either occasion.

When reviewing the denial of a motion to suppress, this Court defers to the trial court's factual findings, but reviews do novo the ultimate legal conclusion drawn from those facts. State v. Lawrence, 2003 VT 68, ¶ 9, 175 Vt. 600 (mem.). Where the evidence submitted at trial includes a video, this Court views that video, but continues to apply a clearly erroneous standard to the trial court's findings. See In re M.K., 2015 VT 8, ¶ 15 n.* (explaining that even though this Court views video evidence as part of record below, this Court still applies clearly erroneous standard to trial court's findings of fact based on that evidence). Here, the video evidence supports the court's findings that defendant's vehicle touches the fog line on two occasions. More significantly, the trial court's finding that the defendant straddled the left turn lane and through-lane markings is not clearly erroneous.

Defendant next contends that the trooper lacked reasonable suspicion to justify a stop of defendant's vehicle. "A legal investigatory stop is justified if a police officer has a reasonable and articulable suspicion of criminal activity." State v. Pratt, 2007 VT 68, ¶ 5, 182 Vt. 165. Reasonable suspicion is more than "an unparticularized suspicion or hunch," but less than "proof of wrongdoing by a preponderance of the evidence." Id.

Defendant argues that the court's observation of the video is insufficient to support a stop for driving under the influence without concurrent testimony from a police officer linking the operation to suspicion of DUI. We have held that intra-lane weaving may create a reasonable and articulable suspicion of driving under the influence. See Pratt, 2007 VT 68, ¶ 9. In State v. Davis, 2007 VT 71, 182 Vt. 573 (mem.), this Court held that the officer's testimony that the defendant had drifted within her lane of traffic was insufficient to establish a reasonable and articulable suspicion of wrongdoing to conduct a motor vehicle stop. Id. ¶ 9. We explained that in some cases intra-lane weaving may support a stop if the officer is able to testify that " 'based on [the officer's] training and experience,' the totality of the circumstances led [the officer] to conclude that the defendant was likely driving while intoxicated." Id. ¶ 8 (quoting Pratt, 2007 VT 68, ¶ 3) (alterations added). Given that in this case the trial court had no testimony from an officer explaining the significance of the intra-lane weaving in the context of the totality of the circumstances, the trial court's finding of intra-lane weaving, even if supported by the evidence, is likewise insufficient. Accordingly, we cannot affirm on the basis expressly articulated by the trial court.

Nonetheless, we affirm the trial court's denial of the motion to suppress on a different basis. See State v. Guzman, 2008 VT 116, ¶ 10 n.3 (explaining that this Court can affirm denial

_____

[*] The video relied upon by the court was not introduced in the criminal proceedings, and the court granted defendant's motion to suppress in that matter.

2

of motion to suppress on different ground "if the record supports it"). In reviewing a decision on a motion to suppress, we give deference to the trial court's findings of fact, but review de novo the question of whether those facts meet the proper legal standard. State v. Simoneau, 2003 VT 83, ¶ 14, 176 Vt. 15. In this case, we consider de novo whether the facts as found show that an investigatory stop was supported by "a reasonable and articulable suspicion" of either a criminal activity or a traffic violation. Id. Although the trial court's findings are insufficient to establish reasonable suspicion of driving under the influence, they do establish reasonable suspicion of a violation of 23 V.S.A. § 1038, as reflected in the arresting officer's affidavit. The question before us is not whether defendant can be found to have violated that statute. Instead, it is "whether the officer had a reasonable basis to suspect that a motor vehicle violation was taking place." State v. Rutter, 2011 VT 13, ¶ 10, 189 Vt. 574 (mem.) (explaining that motor vehicle stop is justified if there is a reasonable basis to suspect defendant of wrongdoing) (emphasis in original). The trial court expressly found that defendant drove outside of his marked lane of travel, straddling into the left turn lane. If cited for this offense defendant may ultimately prove that some factor made driving within his lane impracticable. See 23 V.S.A. § 1038(1) ("A vehicle shall only be driven, as nearly as practicable, entirely within a single lane."). On this record, defendant's straddling the line to the left-hand turn lane for a period provided reasonable suspicion of a traffic violation.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice