*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NOS. 2015-180 & 2015-231

FEBRUARY TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Milo Surdam | } | DOCKET NOS. 1140-10-13 Bncr & |
| | | 76-10-13 Bncs |

Trial Judges: Nancy Corsones &
David A. Howard

In the above-entitled causes, the Clerk will enter:

Defendant appeals his conviction for criminal refusal and the civil suspension of his driver's license. On appeal, defendant argues that the trial court erred in concluding that there was a reasonable basis for the traffic stop. We affirm.

Following a traffic stop, defendant was charged with driving under the influence, third offense, and criminal refusal and civil suspension proceedings were initiated against him. He moved to suppress, arguing that there was no objectively reasonable grounds to stop his vehicle because the evidence indicated that he did not commit a motor-vehicle violation. At the suppression hearing, the following facts were submitted. In October 2013, a deputy sheriff was traveling north on Vermont Route 7 when he observed a white truck traveling south. The officer thought the truck crossed the center line, so the officer swerved to the right to avoid a collision. The officer then stopped the vehicle based on this suspected motor-vehicle violation. After stopping defendant's truck, the officer observed indicia of intoxication leading to his arrest. The court reviewed the video from the cruiser camera, and found that while defendant's vehicle touched the first yellow line, it did not cross the second yellow line.

The court in both the criminal and the civil suspension cases denied the motion to suppress. The court acknowledged that the video demonstrated that defendant had not actually crossed the double-yellow center line, but concluded nonetheless that the stop was justified because the officer had an objectively reasonable basis for believing that defendant violated 23 V.S.A. § 1038(1), which requires a vehicle to be driven "as nearly as practicable, entirely within a single lane." The court also denied defendant's subsequent motions to reconsider its ruling. A jury returned a judgment of guilty for criminal refusal in the criminal matter. The court entered a judgment in favor of the State on the civil suspension. Defendant appeals both judgments.

On appeal, defendant argues that the court erred in denying his motion to suppress. When reviewing the denial of a motion to suppress, this Court defers to the trial court's factual findings, but reviews do novo the ultimate legal conclusion drawn from those facts. See State v. Lawrence, 2003 VT 68, ¶ 9, 175 Vt. 600 (mem.). "A legal investigatory stop is justified if a

police officer has a reasonable and articulable suspicion of criminal activity." State v. Pratt, 2007 VT 68, ¶ 5, 182 Vt. 165. Reasonable suspicion is more than "an unparticularized suspicion or hunch," but less than "proof of wrongdoing by a preponderance of the evidence." State v. Simoneau, 2003 VT 83, ¶ 14, 176 Vt. 15. In the context of a motion to suppress, we thus consider de novo whether the facts as found show that an investigatory stop was supported by "a reasonable and articulable suspicion" of either criminal activity or a traffic violation. Id.

Defendant asserts that the stop here was unreasonable because it was based on suspicion of a traffic violation and the objective and unchallenged facts establish that no traffic violation was committed. Defendant is applying an incorrect standard. The question before us is not whether defendant can be found to have actually committed a traffic violation. Instead, the relevant inquiry is "whether the officer had a reasonable basis to suspect that a motor vehicle violation was taking place." State v. Rutter, 2011 VT 13, ¶ 10, 189 Vt. 574 (mem.) (explaining that motor vehicle stop is justified if there is reasonable basis to suspect defendant of wrongdoing). Here, the facts as found by the trial court are that defendant's vehicle moved out of his lane of traffic toward the center line enough that it caused the officer driving in the other direction to reflexively swerve to the side of the road to avoid a collision. These facts are sufficient to demonstrate that the officer had a reasonably objective basis for suspecting that defendant had committed a motor-vehicle violation. See 23 V.S.A. § 1038(1) (requiring vehicle to be driven "entirely within a single lane" and not to be moved until "the driver has first ascertained that the movement can be made with safety").

There is no merit to defendant's assertion that this violates Article 11 of the Vermont Constitution because it allows a stop based on an officer's erroneous and subjective belief. See State v. Oakes, 157 Vt. 171, 173-74 (1991) (holding that there is no good-faith exception to exclusionary rule for violations of Article 11). The evidence is not admissible in this case because the officer acted with a subjective good faith that defendant had committed a traffic violation. To the contrary, the evidence is admissible because the officer had an objectively reasonable basis to believe that defendant had committed a traffic violation at the time he stopped defendant's vehicle.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2