*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2015-461& 2015-470

JUNE TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Justin Barrell | } | DOCKET NOS. 40-3-15 Rdcs & |
| | | 338-3-15 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled causes, the Clerk will enter:

The State appeals the court's order granting defendant's motion to suppress evidence obtained following a motor-vehicle stop. On appeal, the State argues that the stop was properly based on the officer's reasonable suspicion that a traffic violation had occurred. We affirm.

Following an incident in March 2015, defendant was charged with first-offense driving while under the influence (DUI), and civil suspension proceedings were initiated against him. Defendant moved to suppress, arguing that there was an insufficient basis for the motor-vehicle stop.

After an evidentiary hearing, the court found the following facts. A member of the Rutland City Police was traveling East on West Street and was stopped at the intersection with North Main Street. At that location, West Street has three eastbound lanes. There is a crosswalk crossing north to south, and a few feet behind that is a solid stop line for the right and center lanes. The solid stop line for the left lane is set back more than a car length from the other two lines. The officer was stopped in the center lane and observed a grey vehicle, which was traveling south on Main Street, turn right onto West Street. The vehicle made a wide turn into the unmarked area in front of the left-turning-lane stop line, but did not cross the marked left-turn line. Based on a belief that a motor-vehicle violation had occurred, the officer made a U-turn and followed the vehicle. He ran the license plate and discovered the vehicle was registered to defendant. The officer activated his blue lights and stopped the vehicle. His subsequent observations led to the DUI charge.

Defendant moved to suppress the evidence obtained as a result of the stop, arguing that the stop was not supported by reasonable suspicion. Defendant asserted that his wide right turn was necessitated by the position of other vehicles and was within the bounds of normal vehicle operation. The State alleged that the stop was proper because defendant's action of turning widely provided the officer with reasonable suspicion that defendant violated the statute on "turning at intersections," which provides that when a driver makes a right turn, "[b]oth the

approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway." 23 V.S.A. § 1061(1).

The trial court found that there was insufficient basis to support reasonable suspicion. The court explained that the statute's focus was on whether a turn was made "as close as practicable" to the curb, and although the evidence showed that defendant made a wide turn, there was no evidence to indicate the practicality of driving closer to the curb, including the presence of other persons, vehicles, or obstructions. The court also found it significant that the area defendant turned into was not marked as part of the lane for cars waiting to turn left. Therefore, the court concluded that the State's evidence fell short of establishing a reasonable suspicion of a traffic violation, and granted the motion to suppress. The State appealed from the civil suspension case and was granted permission to appeal in the criminal matter. The two appeals were consolidated for review.

This Court reviews the trial court's decision on a motion to suppress under a dual standard. The factual findings are upheld unless clearly erroneous, and the legal conclusions are reviewed de novo. State v. Mara, 2009 VT 96A, ¶ 6, 186 Vt. 389. "An investigatory stop is warranted when a police officer has a reasonable and articulable suspicion of illegal activity." State v. Rutter, 2011 VT 13, ¶ 8, 189 Vt. 574 (mem.). Reasonable suspicion consists of "more than an unparticularized suspicion or hunch of criminal activity," but it is "less than proof of wrongdoing by a preponderance of the evidence." Id. (quotations omitted). Reasonable suspicion of a traffic violation is sufficient to warrant a traffic stop. Id. The critical question is not whether a traffic offense was actually committed, but "whether the officer had a reasonable basis to suspect that a motor vehicle violation was taking place." Id. ¶ 10.

On appeal, the State argues that the stop was proper because even if defendant did not actually violate § 1061(1), there were sufficient facts to suspect that he had. The State contends that whatever other circumstances might have actually existed that precluded defendant from staying closer to the curb, the evidence that defendant's vehicle strayed into the space for the left-turning traffic before correcting course was enough to provide the officer with reasonable suspicion that a traffic violation had occurred. According to the State, the trial court gave improper significance to fact that the area defendant's vehicle traveled into was unmarked and improperly required the State to prove that defendant could not actually drive more closely to the curb.

We conclude that the court properly granted the motion to suppress because the State failed to establish that there was reasonable suspicion that a traffic violation had occurred. The traffic violation at issue requires drivers turning right to maintain an approach and path "as close as practicable to the right-hand curb or edge of the roadway." 23 V.S.A. § 1061(1). Reasonable suspicion depends on an assessment of the totality of the circumstances. Rutter, 2011 VT 13, ¶ 11. Therefore, as the trial court noted, in assessing the totality of the circumstances, one important fact was the practicality of driving closer to the curb. The court found that the State did not submit any evidence on this question, including what other circumstances existed at the time, such as the absence or presence of persons, obstacles or other vehicles in the area between defendant's vehicle and the curb. This was an important piece of the totality of the circumstances, and without it the court did not err in concluding that the officer's observations amount to an " 'inchoate and unparticularized suspicion.' " State v. Sutphin, 159 Vt. 9, 11 (1992) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)).

The State contends that the trial court went outside the record and improperly bridged evidentiary gaps in the record when, based on the recessed location of the solid line for the left-turn lane, the court stated that "common experience identifies this marking configuration as one which is intended to take into account that vehicles negotiating turns from North Main Street onto West Street will need to travel into the unmarked area to safely make the turn." The purpose of the placement of the lane markings is not relevant to our conclusion. The point is that there was no reasonable suspicion that defendant committed an independent offense by interfering with oncoming traffic or crossing a lane marking into a space for that traffic.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice